ALBANY,
August, 1815.

SCOTT &
WIGRAM
v.
ELMENDORF.

---

## SCOTT & WIGRAM *against* ELMENDORF.

THIS was an action of *assumpsit* for fees, disbursements, and services, by the plaintiffs, as attornies for the defendant, administrator of *Jacobus Elmendorf*, deceased. Plea, *non-assumpsit*. *Scott*, one of the plaintiffs, applied to the defendant for the payment of a bill of costs due to him from the estate of *Jacobus Elmendorf*, the intestate; and the defendant gave to *Scott* a note, for which he gave to the defendant a receipt, as follows: " *December* 8, 1807, Received of Mr. *Levi Elmendorf*, administrator of *Jacobus Elmendorf*, deceased, a note of hand said to be executed by *Philip Becker* and *Jacob Becker*, to *Jacobus Elmendorf*, deceased, for fifty dollars, dated *February*, 1805, payable one year after date; received to collect, and if collected, to account for on my demand against said estate." The fees, &c. for which the present suit was brought, accrued in a suit brought on the note above mentioned, against the makers, one of whom resided in the county of *Green*, and the other in the county of *Dutchess*. The suit on the note was commenced in the supreme court; and

A defendant in a suit for an attorney's bill, cannot contest the *items* at the trial. He ought to apply to the court to have the bill taxed. As, between attorney and client, the former is entitled to common pleas costs only, where his charges arise from his employment in a suit for the recovery of a sum less than 250 dollars; especially where he brings his action on the implied *assumpsit* arising from his retainer.

SCOTT &
WIGRAM
v.
ELMENDORF.

on the trial at the circuit, the plaintiff was nonsuited, having failed to prove the hand-writing of *Philip Becker*, one of the makers.

On the 24th of *August*, 1813, a copy of the bill of costs for which this suit was brought, was served on the defendant, amounting to 58 dollars and 72 cents, and it appeared that the present suit was commenced the 25th of *September*, 1813.

The counsel for the defendant objected to the plaintiffs' right to recover; 1st. Because the note for which the suit was prosecuted being for 50 dollars, it ought to have been commenced in a court of common pleas; 2d. That the plaintiffs were entitled to common pleas costs only; and, 3d. That the suit ought to have been brought against the defendant in his representative capacity. But the judge before whom the cause was tried overruled these objections; and the jury found a verdict for the plaintiff, for 58 dollars and 72 cents.

A motion was made to set aside the verdict, and for a new trial, which was argued by *Sudam*, for the defendant, and *J. V. D. Scott*, for the plaintiffs.

*Per Curiam.* It is not permitted to a defendant sued on an attorney's bill, which has been served according to the statute, to contest the items on the trial, because he can procure the bill to be taxed, by application to the court at a seasonable period. (*Doug.* 198. 2 *B.* & *P.* 237.) The objection here went beyond the items, and attacked the principle on which the bill was taxed; the plaintiffs insisting that they are entitled, as between themselves and client, to be paid the fees allowed by law, in cases where the recovery is above 250 dollars, in this court; and the bill is made out upon that principle. In the present case, there was no agreement, on the part of the defendant, to pay the plaintiffs any costs at all, other than an implied *assumpsit* resulting from their retainer. When the law has marked out the costs which are recoverable in a case like the present, and has forbidden the attorneys to exact or demand any more or other than such as are specified, it would be extraordinary that the law should raise a promise to pay more than can be legally exacted. It is said there was a necessity to bring the suit on the note in this court, as the makers of the note lived in different counties. This might have been a motive for the

plaintiffs' declining to commence the action, but it is no argument why they should have costs not adapted to the case. There is room for doubt, whether an agreement, in express terms, to pay higher costs than those allowed by law, would avail; but when, as in this case, nothing is said, there cannot be a doubt that no other costs are recoverable, as between attorney and client, than such as the fee bill directs, when the recovery is under 250 dollars. And in this case, we think the defendant was not concluded from making the objection at the trial.

It follows, that there must be a new trial, unless the plaintiffs elect to make out their bill on the principles above stated; in which case, if the amount be under 50 dollars, the defendant will be entitled to the costs of this suit; on paying the balance, if any, a new trial will be unnecessary.

Motion granted.