### *Ex parte* STATTS.

Where a bond was left with an attorney of this court, to the end that he should write to the obligor and obtain the money; but without any express direction to bring a suit in default of payment, the attorney having received the money without suit, and neglected to pay it over, on demand, to his client; *held*, that he received the bond to collect in his character of attorney; and that an attachment should issue against him, unless he paid over the money.

THE relator Staats had left a bond with J. W. Edmonds, Esq. an attorney of this Court, to the end that he should write to the obligor to pay to him, (Edmonds,) for the use of Staats, who was the obligee, the money due upon the bond; but he did not direct Mr. Edmonds to commence a suit upon it, in case the obligor should make default in paying according to such written request. The obligor paid the money to Mr. Edmonds, who had neglected to pay it over to the obligee, though repeatedly requested by the obligee to do this. Mr. Edmonds made affidavit that he was poor and unable to raise the money to pay the obligee, but was willing that the obligee should take all his property; that he had offered to assign good demands to the obligee which he believed were collectable, *in payment of the money*, which had been refused, &c. Upon these facts,

*J. L'Amoureux*, moved for a rule that Mr. Edmonds show cause why an attachment should not issue against him. He cited *The People* v. *Smith*, (Caines' Rep. 221,) and *The same* v. *Wilson*, (5 John. Rep. 368.)

*J. W. Edmonds*, in person, contra.

*Curia.* The motion must be granted. It is plain that this bond was left with Mr. Edmonds in his character of attorney, though no specific directions were given to bring a suit. It turned out that there was no need of a suit. The money was paid in; and the relator is entitled to our aid in obtaining it, in the same manner as if collected by suit.

ALBANY,
Feb. 1825.

Ex parte
Staats.

Rule to show cause.(*a*)

(*a*) *In the matter of Knight,* (1 Bingham's Rep. 91, C. B. Mich. T. 1822.) LENS, Serjt. on a former day, moved for a rule calling on Knight, an attorney of this Court, to show cause why he should not pay over to one Hall, money which he had received on bills which Hall had requested him to get discounted; Lens moved this, on affidavits which, as he said, *disclosed* a conduct on the part of Knight, amounting perhaps to breach of good faith; and he urged, that in such a case, the court would exercise its authority over an attorney, as being one of the ministers of the court.

But as it appeared that what was complained of had not been done in the course of any cause in which the attorney was engaged, and as no precedent was furnished for summary interference against an attorney, except where a cause was depending, the Court were unwilling to grant the rule, observing, that to procure bills to be discounted was not within the peculiar province of an attorney, and that the applicant must have recourse to the ordinary remedies which the law afforded.

Lens, however, having this day referred the Court to *De Wolf and others,* v. ———, (2 Chit. Rep. 63,) and urging that the present matter had been committed to Knight, in his character of attorney, the Court granted a rule *nisi.*