SAMUEL D. HASEY *v.* THE WHITE PIGEON BEET SUGAR COMPANY.

A person who is a stockholder in a corporation, and, as such, liable individually for its debts, is a competent witness for the plaintiff in a suit against such corporation. His interest is against the plaintiff, and he is not, by being such stockholder, a party to the suit.

By the statute, (R. S. 434, § 24,) objection on the ground of interest, to the competency of a witness whose deposition is taken in a cause, must be made at the taking of the deposition, or it will be deemed waived.

An instrument signed officially by the president and secretary of a corporation, requesting its treasurer to pay to K. or bearer, a certain sum of money, is a bill of exchange drawn by the corporation upon itself.

No formal acceptance of such a bill is necessary, the act of drawing being deemed an acceptance of it.

Such a bill is the same, in legal effect, as a promissory note; it imports a promise to pay on demand, and an action may be maintained upon it without proof of a demand of payment from the treasurer of the corporation.

ERROR to St. Joseph Circuit Court. Assumpsit, brought

by the plaintiff in error, upon a special contract, and upon the bill or note mentioned below.

On the trial of the cause in the Court below, before the Hon. E. RANSOM, Presiding Judge, the plaintiff offered in evidence the deposition of one Yates, taken under the statute. R. S. 433. Yates was a stockholder and director in the White Pigeon Beet Sugar Company, (the defendants,) who were a corporation, and they, on this ground, objected to the reading of the deposition, contending that he was not a competent witness. No objection appeared to have been made to his competency at the time the deposition was taken. The Court sustained the objection, and rejected the deposition.

The plaintiff then offered to prove admissions of Yates in reference to the subject matter of the suit. This evidence was also objected to by the defendants, and rejected by the Court.

The following instrument was subsequently offered in evidence by the plaintiff:

"By order of the Board of Trustees, the Treasurer of "the White Pigeon Beet Sugar Company will pay to "Henry A. Knapp, or bearer, thirteen dollars.

"C. Yates, Sec'y.            Sam'l A. Chapin, Pres't.

"White Pigeon, June 10, 1840."

The defendants objected to its being read in evidence without proof of its presentment and demand of payment, at the treasury of the corporation, before suit brought. The Court sustained the objection, and refused to permit the instrument to be read in evidence.

Whereupon, the plaintiff submitted to a nonsuit, and tendered a bill of exceptions, which was signed, and the record removed to this Court by writ of error.

J. E. Johnson, for plaintiff.

L. F. Stevens, for defendants.

FELCH, J. delivered the opinion of the Court.

1. The first inquiry is, whether the deposition of Yates was properly rejected. The defendants were a corporation, organized under the provisions of " An act relative to incorporations for manufacturing purposes," approved March 22, 1837, (S. L. 1837, p. 284,) which made the " individual property of each and every stockholder liable to be levied upon and taken by virtue of any execution issued against the company in its corporate name." As a member of the corporation, the interest of the witness was with the defendants. It does not appear that he objected to giving his testimony in the case, and, being directly interested in favor of the defendants, it is difficult to see how they could object, on the ground of interest merely, to his testimony being used on the part of the plaintiff. Had he been offered by the defendants, the objection would have been valid, if made by the plaintiff.

But all objection to the competency of the witness on account of interest, was waived in this case by neglect to make the same at the time of taking the deposition. The statute relative to taking depositions, (R. S. 434, § 24,) provides that no such objection shall be allowed, unless the same shall be made at the time of taking the deposition.

The defendants' counsel contends, however, that Yates, as a member of the corporation, was, in fact, a party to the suit, and that he was, therefore, an incompetent witness, and his deposition was properly rejected by the Court, although the objection on the ground of interest might have been waived by the neglect to make it at the time when the deposition was taken.

The individual stockholders of the White Pigeon Beet Sugar Company, by organizing under the statute above mentioned, became a separate legal existence, clothed with certain powers, and having a name by which it was

capable of acting, and suing and being sued, and by which it is a party defendant in this suit. The witness, it is true, was interested in the funds of this corporation, and by the statute is made liable for its debts ; but this is not a suit in which such individual liability is sought to be enforced directly, nor can he be considered as a party merely because he is interested in the event. Neither his decease, nor his bankruptcy, would defeat or delay the suit, or cause any change in the proceedings or the parties. He is not a party on the record, nor is he a party within any technical rule of law which excludes his testimony.

In Ang. & Ames on Corp. 390, it is laid down as a rule, that a corporator may be admitted to testify against the corporation, where he does not himself object. The same rule is stated as the practice of all courts, by the Chancellor, in the *Matter of Kip*, 1 Paige's Ch. R. 601. The principal question which seems to have been raised on this subject in the reports, is, whether such a corporator could be compelled to testify against the corporation of which he is a member. In the case last cited, the question was fully examined, and the order of the master, who had committed the witness for refusing to answer, was approved. In the *City Bank of Baltimore* v. *Bateman*, 7 Har. & John. 104, it was decided by the Court of Appeals in Maryland, that the president of the bank, who was also a stockholder, might not only be called on as a witness by the adverse party, but might be compelled to testify. The revisers of the statutes of New York, in recommending the incorporation of the provision now contained in those statutes, compelling such corporator to testify, speak of it as a rule already believed to exist. Revisers Rep. pt. 3, ch. 7, tit. 3, § 96. The case before us does not present the question whether the witness could have been compelled to testify. If it did, strong reasons, founded upon the peculiar provisions of the statute under which the de-

fendants became incorporated, and especially that provision which makes the members of the corporation individually liable for its debts, might be urged against the application to such members of the rule laid down in the two cases last cited.   The witness having testified without objection on his part, we are satisfied that the defendants could not object to his testimony, and that it was improperly rejected by the Court.

Having arrived at this conclusion, it becomes unnecessary to inquire, whether the proof, offered by the plaintiff, of the admissions of Yates, was admissible ; and we therefore express no opinion on this point.

2. It may not, however, be improper or unprofitable to inquire, what was the legal effect of the instrument, in form a bill of exchange, offered in evidence by the plaintiff, and which the Court below refused to permit to be read, on the ground that no demand, or presentation at the office of the treasurer of the company, prior to the commencement of the suit, was proved.

A bill of exchange has been defined to be an open letter of request, by one person to another, to pay money.   Chit. on Bills, 146.   No particular form of words is requisite to constitute such an instrument.   The instrument offered in evidence in this case, was in form a bill of exchange. It was drawn by the corporation, under the signature of its president and secretary, by order of the board of trustees, who, by the act under which the corporation was organized, were the managers of the concerns of the corporation, and had control over its funds in the hands of its treasurer.   It was drawn upon the treasurer of the corporation, who was but the officer, the agent, of the corporation, and whose acceptance must have been considered the acceptance of the corporation.   It was, then, a bill drawn by the corporation, through its proper officers, up-

on the same corporation, represented by another officer;—in other words, a bill drawn by the corporation on itself.

Although the drawer and drawee are usually two distinct persons, yet it is not necessary that they should be so. A man may draw a valid bill on himself, and in such case no formal acceptance of it is necessary, the very act of drawing such a bill being deemed an acceptance of it. *Cunningham* v. *Wardwell*, 3 Fairf. R. 466 ; Chit. on Bills, 28. It has been held, also, that such a bill is, in legal effect, a promissory note. *Roach* v. *Ostler*, 1 Man. & Ry. 120. Being, then, a bill both drawn and accepted by the corporation, no demand of payment or notice of non-payment was necessary to the plaintiff's right of action upon it, unless made so by the terms of the instrument itself. The bill is not made payable at any particular time or place. It is simply a request to pay generally, and the legal effect of the transaction is an acceptance by the defendants, to pay in the same terms. This must be understood to be a promise to pay the amount presently;—an acknowledgment of an immediate and unconditional indebtedness, for which the plaintiff had a right to bring his suit at once. As between these parties, therefore, no demand was necessary, (Chit. on Bills, 392,) and the Court erred in refusing to permit the bill to be read in evidence, without proof of such demand.

The judgment of the Court below must, therefore, be reversed.

*Judgment reversed.*