CHENANGO GENERAL TERM, January, 1848.  *Shankland, H, Gray, Mason, and Morehouse,* Justices.

### COOK *vs.* STILSON.

In an action to recover the amount of an attorney's bill, which has been taxed ex parte, and without any copy thereof, or notice of taxation, having been served upon the defendant, such bill is not conclusive evidence of the services or disbursements charged, or of the amount as taxed, as against the defendant.

THIS was an action of assumpsit brought to recover the amount of an attorney's bill.  The case was tried at the Otsego circuit on the 15th day of April, 1845, and the plaintiff obtained a verdict for $72,36.  On the trial of the cause, the plaintiff's attorney produced a taxed bill of costs in the common pleas of Otsego county, in a suit entitled Daniel Stilson, appellee, v. Charles Spoor, impleaded with Harvey Baker, and offered the same in evidence as evidence of the services and disbursements as therein charged, and the amount of the items as taxed. The plaintiff's counsel admitted the bill was taxed ex parte, and that no copy of it, or notice of taxation, had been served on the defendant, or any one.  This was after the plaintiff had proved his retainer to conduct the suit.  The defendant's counsel objected to the bill, on the ground that it having been taxed ex parte, and without service of a copy or notice, it was not evidence of the services or disbursements charged, or of the amount as taxed; and he was proceeding to point out errors, and to raise specific objections to the bill as taxed, when the plaintiff's counsel objected to this course, and insisted that the taxed bill was conclusive as to items and amounts, and could not be controverted or questioned on the trial.  And his honor the circuit judge so ruled, and decided that the taxed bill was conclusive, and could not be controverted on the trial, and that it was unnecessary for counsel to point out or make specific objections to it, and declined hearing them, saying that the objections already made would raise the question as to the right to go into an examination of the items on the trial.  And that the defendant should

have moved the court, in due season, for a regular taxation; or when he found the bill had been taxed ex parte, he should have moved for a re-taxation, staying the plaintiff's proceedings in the mean time. The bill was then given in evidence as taxed at $58,63, and the defendant's counsel excepted.

*By the Court,* MASON, J. By the statute of George 2, chapter 23, section 23, "no attorney or solicitor could commence or maintain any suit for the recovery of fees, charges or disbursements at law or in equity, until the expiration of one month or more after he had delivered to the party or parties to be charged therewith, or left for the party or parties at his or their dwelling or last place of abode, a bill of such fees, charges, or disbursements subscribed with his proper hand." And the following is a statute of this state that was a long time in force: "No attorney, solicitor, sheriff or coroner, shall commence any action for the recovery of any fees or charges, until eight days after he shall deliver to the party charged therewith, or have left for him at his dwelling house or last place of abode, a bill of such fees and charges, written in a common legible hand, in the English tongue, except law terms and the names of writs, and in words at length, except times and sums and such abbreviations as are commonly used in the English language, subscribed with the proper hand-writing of such attorney, solicitor, sheriff or coroner." (1 *R. L.* 417, § 9.) It was held under the English statute of George the second, supra, that it was not permitted to a defendant, sued for an attorney's bill, which had been served according to the statute, to contest the items on the trial. And the reason assigned by the court was, that if the defendant was dissatisfied with the bill, he could procure it to be taxed at a seasonable time. (1 *Doug.* 198. 2 *B. & P.* 237.) And the same doctrine was held in the case of *Scott & Wigram* v. *Elmendorf,* (12 *John. Rep.* 315,) under our statute above cited. But it does not appear that there was any claim made on the trial of that cause of a right to contest the particular items of the bill, but the objection went beyond the items, and attacked the

Cook v. Stilson.

principle upon which the bill was taxed. And the court held the defendant had a right to do that.

The only other case that I have been able to find that would seem to favor the plaintiff's views, is the case of *Gleason & Viele* v. *Clarke*, (9 *Cowen's Rep.* 57,) which was an action of assumpsit brought to recover an attorney's bill of costs for prosecuting two suits for the defendants. Upon the trial of the cause the taxed bills were introduced, though objected to, and it was objected that notice of taxation, and copies of the bills, should have been served; but this objection was overruled by the judge, and this court, in reviewing the case, held his decision to be correct. The only reason assigned by the court in the opinion is that "there is now no statute requiring the service of a copy of the bill." I should remark, in relation to this case, that the learned chief justice who gives the opinion, does not say what was the ground of objection to the bill, and it does not appear in the case. There was no offer made by the defendant to contest the correctness of the bill by going into the items of it, and, in short, it does not appear whether the court held the taxation to be conclusive, or only prima facie evidence. There is nothing in the report of the case, to say the least, that would go to show that the court held the taxation conclusive. The objections all seem to have been made to the admissibility of the bill at all, and not to the effect of the taxation as evidence, when admitted. And I should remark, in relation to the decision in *Scott & Wigram* v. *Elmendorf*, as well as to the decisions under the English statute, that they were made when different reasons existed for the rule from what exist now. Both in England and in this country, when those decisions were made, the attorney was required to deliver a copy of the items of his bill so many days before he could commence a suit for their recovery, to be signed by the attorney himself; and it might, under such circumstances, with great propriety, be held that as the client had the bill before him for examination, and for a sufficient length of time, if he were dissatisfied with it, and meant to contest the items of the bill, he should do it before a taxing officer, and not trouble the court with an exam-

Cook *v*. Stilson.

ination into the items of the bill upon the trial. This would not be depriving the defendant of the right, or even the full opportunity, to contest the correctness of the items of the bill. It only confines the defendant to a particular forum in which to do it. But none of these reasons apply under the present practice, since the repeal of the statute requiring the attorney to deliver a copy of the bill before the commencement of his suit. The party under the present practice perhaps never sees the items of the bill until after he is sued, and the bill is introduced in evidence upon the trial of the cause ; and I have not been able to discover any principle or reason upon which, under the present practice, we can hold an ex parte taxation conclusive upon a party who had no notice of the taxation, and who did not appear. In the case of *The Supervisors of Onondaga County* v. *Briggs*, (2 *Hill* 135, and 2 *Denio*, 26,) the court held a taxation of a bill, upon due and proper notice, conclusive upon the parties. The reason assigned in the case is, that the taxation is a judicial act, and binding as such upon the parties, and consequently conclusive. This is undoubtedly correct where the judicial officer gets jurisdiction over the parties, as well as the subject matter, by the service of the requisite notice of the time and place of the taxation ; but I am not able to discover any principle upon which such an act can be held to be conclusive upon a party who has never had any notice of the proceeding. To hold an ex parte taxation conclusive upon the party who had no notice of the taxation, would be violating every principle of justice, disregarding the reasons even upon which the English courts held otherwise, and it would, in my opinion, be but little different from saying to a defendant, when sued for an attorney's bill, you shall not have your day in court to contest the correctness of the bill.

It is unnecessary to discuss the other question raised upon the trial ; as there must be a new trial for the reasons above stated, costs to abide the event.