## STEEL *v.* DAVIS CO.

An action may be maintained against the commissioners of a county, on a general unconditional order drawn by them for the payment of money.

The rule that an order must be presented for payment within a reasonable time, and notice of its dishonor given to the drawer is not applicable to county orders.

### *Error to Davis District Court.*

*Opinion by* GREENE, J. Samuel Steel sued the board of commissioners of the county of Davis, in an action of debt on a county order under seal. The order was drawn by the commissioners of said county, tested by their seal and clerk, and directed the treasurer of Davis county to pay Samuel Steel or bearer, nine hundred dollars, with ten per cent. interest. The interest to be paid semi-annually. Date of order April 11, 1848; presented for payment, July 2, 1849, and payment refused. To the declaration the defendant demurred, and the demurrer was sustained. Upon this decision, the plaintiff brought the case by writ of error to this court. The only question raised is, can an action be maintained against the county commissioners on a general order drawn by them for the payment of money?

The power of the county commissioners to issue such attested orders, is not denied; but it is contended that the holders of such orders, cannot maintain an action upon them; that they are only entitled to payment in the order of their acceptance, so fast as the money comes into the county treasury; and that the commissioners can only be sued where they exercise a power not conferred, or refuse, or neglect to perform a duty enjoined by law. By statute, the county commissioners are considered a body corporate and politic, and as such, "may sue and be sued, plead and be impleaded, defend and be defended, answer and be answered unto, in any court either in law or equity." *Rev. Stat.* 123, § 4. Among the powers delegated to them by

that section, we find that they are authorized to examine, allow and settle all accounts of the receipts and expenditures of the money of the county, and have the care of the county property and management of the county funds and business. It must be presumed, that the order in this case was drawn pursuant to the authortiy conferred upon the commissioners to examine and allow accounts; and as it was not made payable upon any contingency or out of any particular fund to be created, but made unconditionally payable on presentment to the treasurer, it became at once due upon such presentment. It has been decided by this court in *Brown* v. *Johnson Co.*, 1 G. Greene 486, that a judgment may be rendered against county commissioners upon a county order due at the time suit was instituted. If a judgment may be rendered against them on such an order, it necessarily follows, that a suit may be instituted upon it, and the action legally maintained.

Whenever the board of commissioners are in default, whenever they neglect to perform their contracts or to pay their liabilities, redress may be sought against them by the injured party, in the same way that it may against any other body corporate which is authorized by law to sue and be sued. By the unqualified language of the order in this case, the commissioners direct payment unconditionally, and thus in legal contemplation, undertake that funds are in the hands of the treasurer to pay the same on presentment. They control, limit or extend county expenditures, have charge of the county property, and the procurement and management of the county revenue. It is then their duty to keep the county expenditures within the resources, which may legally come under their direction, and it is especially their duty to provide means for the payment of all liabilities contracted by them in "transacting county business." If they fail in any of their contracts or undertakings, the injured party can seek redress by instituting his suit against them. The very authority which enables them to contract within their defined powers, and to sue in any court, provides that they may be

sued. This liability to be sued, is not limited to any particular delinquency in the discharge of their duties, but extends generally to all wrongs by which the rights of others may be affected. This we regard as the obvious intention of the act organizing a board of county commissioners in each county.

The declaration in this case, contained all necessary allegations to enable the plaintiff to recover. It shows that the order was presented to the treasurer, that payment was demanded and refused. The commissioners having failed in their undertaking to have the funds ready, the action against them was clearly maintainable.

The fact, that the order was made to draw interest at ten per cent. to be paid semi-annually, cannot be considered as an extension of the day of payment to an indefinite period as is claimed by counsel. It is a positive order upon the treasurer to pay the money with ten per cent. interest from date until paid, and to pay the interest semi-annually. Thus it was left discretionary with the holder of the order to demand the principal at once, or to retain the order and collect the interest semi-annually, until he chose to present it for the principal. The drawers of the order being so intimately connected with the drawee as to create and control the funds in his hands, the rule that it must be presented within a reasonable time, and notice of its dishonor given to the drawer, would not be applicable to this case. It has been held, that such notice is not necessary where the drawer and acceptor are partners. *Rhet* v. *Poe*, 2 How. U. S. 457; *Gowan* v. *Jackson*, 20 John. 176. The connection between the commissioners and treasurer of a county is at least as intimate as that between co-partners and may with great propriety come under the rule. An order drawn by the commissioners upon the treasurer, is in effect the same as an order drawn by the county upon itself to be paid under the direction of one officer by another; the same as one made by an individual upon himself, and to be paid by his agent or clerk at the depository of his funds, and thus may be regarded

more like a promissory note, than a bill of exchange. Chit. on B. 28; *Varner* v. *Nobleborough*, 2 Greenl. 125. Regarding the order in this case in effect the same as a promissory note, the maturity of the indebtedness and the immediate liability of the county to a suit upon it, cannot, we think, be questioned.

The case of *Hasey* v. *White Pigeon Beet Sugar Co.*, 1 Doug. 193, has much analogy to the one at bar. In that case, the body corporate by its president and secretary, gave an order upon its treasurer to pay K or bearer, a certain sum of money. The form of the order was in substance, the same as the one in this case; and the incorporation was rendered liable to be sued to no greater extent than our counties are, and still the right to sue that incorporation upon such an order, was not for a moment questioned, and it was held that the order was the same in effect as a promissory note; that "it must be understood to be a promise to pay the amount presently, an acknowledgment of an immediate and unconditional indebtedness, for which the plaintiff had a right to bring his suit at once."

Apply the analogies of that case to this, and it appears manifest, that the demurrer to the declaration was erroneously sustained.

When the county commissioners desire to avoid the immediate liability of a suit upon county orders, it is an easy matter for them to do so, by expressing the intended condition or period of payment in the order itself. If to be paid out of funds yet to be raised and not otherwise appropriated, it should be so expressed. If no such condition or qualification is named in an order, it follows as a legal consequence, that it is due and payable on presentment.

Judgment reversed.

*D. P. Palmer* and *A. Hall*, for plaintiff in error.

*H. M. Shelby* and *S. G. M'Achran*, for the county.