## SUPREME COURT.

NESTLE agt. JONES, late Sheriff of Montgomery.

A sheriff, sued under the Code, for an act done by him, and recovering judgment against the plaintiff, is not entitled to recover double costs. (*This agrees with Hallenbeck agt. Miller*, 4 *How.* 239; *Van Rensselaer agt. Kidd*, 5 *id.* 242, *and a late decision of the Superior Court, N. Y. And is adverse to Murray agt. Haskins*, 4 *How.* 263; *Chadwick agt. Brother, id.* 283; *Calkins agt. Williams*, 5 *How.* 393; *and Barber agt. Crossett, ante p.* 45.)

The Code makes no distinction between public officers and private persons, with respect to the award of costs.

*It seems* that the extra allowance contemplated by § 308 is a convenient substitute for double costs.

*Schenectady Special Term, April* 1851. This action was commenced in February 1849, and issue was joined therein in May following. It was brought against the defendant as late sheriff of Montgomery county, for not paying money collected on several executions as sheriff. The cause was noticed for trial at the Montgomery circuit in February 1851, and was dismissed for the want of prosecution by the defendant, and the defendant now asks for double costs, according to the Revised Statutes (2 *R. S.* 617, § 24).

E. T. SCHENCK, *for the Motion.*

J. GENTER, *for Plaintiff.*

WILLARD, Justice.—It was conceded that had this action been determined while chapter 10 of the 3d part of the Revised Statutes was in force, the defendant would have been entitled to the amount of his taxed costs, and one half thereof in addition (2 *R. S.* 617, § 24). It is contended on the part of the plaintiff, that that part of the Revised Statutes has been repealed by § 303 of the Code.

In Murray agt. Haskins (4 *How.* 263), Mr. Justice SILL held that § 24 and 25 of title 1, ch. 10 of the 3d part of the Revised Statutes were not repealed by the Code, and he allowed to a constable sued under the Code for acts done by him, by virtue of his office, where he recovered a judgment against the plaintiff,

Nestle agt. Jones.

the costs allowed by the Code, and 'fifty per cent on that sum in addition thereto; and Mr. Justice WELLES, in Chadwick agt. Brother (4 *How.* 283), made a like decision in favor of a sheriff, sued for acts done by virtue of his office, and judgment rendered in his favor.    On the other hand, Mr. Justice PARKER, in Hallen-beck agt. Miller (4 *How.* 239), in a case involving the same principle, held that double costs were no longer recoverable, the whole title of the Revised Statutes on this subject having been repealed by § 303 of the Code.  This same doctrine was reasserted by the same learned Judge in Van Rensselaer agt. Kidd (5 *Howard,* 242).

It is difficult to conceive how " all statutes establishing or re-gulating the costs or fees of attorneys, solicitors and counsel in civil actions, can be repealed" without abrogating also the 24th section of title 1 of ch. 10 of the 3d part of the Revised Statutes. That section is a part of the statute which established and regu-lated the costs and fees of attorneys, solicitors and counsel.   It is not denied that so far as the Revised Statutes give single costs, they are supplanted by the provisions of the Code; but it is argued that because the Code is silent upon the subject of double costs, the provisions of the Revised Statutes on that subject remain in force.   I can not assent to this position.

The subject is scarcely susceptible of argument or illustration. It depends upon a *fact,* and not upon general reasoning.  Neither single or double costs can be allowed, except as they are author-ized by existing laws.   There is no law awarding costs except the Code, which is entirely silent on the subject now in dispute. Provisions of the Code are apparently substituted for all the cases where costs were allowed before, in civil actions.   To allow a different rate of costs to one class of persons, because they are not specifically mentioned and provided for in the Code, is a de-parture from the rules by which statutes should be expounded. The class of persons to whom double costs were formerly given, are embraced in the general provisions of the act.; all are placed upon a par.   Costs were not allowed at common law, and all statutes by which they are granted must be construed strictly.

Nestle agt. Jones.

They are in the nature of a penalty. It would be strange indeed, if single costs were abolished, and double costs suffered to remain. Single costs are the *unit*, by which the increased allowance is computed. The destruction of the unit, involves the destruction of its multiplier and parts.

The giving of the *double and treble* costs to the *party*, instead of the attorney, by the 25th section, does not alter the effect of the repealing clause in the Code. That section was adopted in consequence of the decision of the Supreme Court in McFarland vs. Gary (8 *Cow.* 253), in which it was held that the double costs, like the single, belonged to the attorney and other officers of court. That principle was repudiated by the Court of Errors, in the same case, decided in December 1830 (6 *Wend.* 297); but the court affirmed the judgment of the Supreme Court, on a ground not taken by the court below. In fact the Court of Errors held that the double costs belonged to the party, at whose expense the defence was conducted.

The 308th section of the Code affords a convenient substitute for the statute of double costs. In most cases where such costs were formerly allowed, the actions were difficult or extraordinary, or were unreasonably or unfairly conducted, in either of which cases the court can now indemnify the defendant by an extra allowance. Such allowance was made, in the present action, by the learned judge who tried the cause.

I concur fully with Mr. Justice PARKER in Hallenbeck agt. Miller, and Van Rensselaer agt. Kidd, *supra*. The motion for an increase of the costs, according to § 24 of ch. 10, title 1 of the 3d part of the Revised Statutes, must be denied. But as there are conflicting decisions on the question, and it had not before been raised in this district, it is denied without costs.

NOTE.—This case and that of Barber agt. Crossett, *ante p*. 45, (which are adverse) should not have been published at present. The directions received from Judge WILLARD, that it would be better not to publish either of them, until the 4th District had settled the question, were forgotten when Judge HAND's opinion (*ante* 45) was published. Having pulished one, it is proper, of course, to publish the other.