By the Court.—Church, Ch. J.
The appellant was not the attorney for Wildermings & Mount in receiving the money, but for himself and other parties *251 who had obtained a judgment against Lowenstein, and he received the money upon an ex parte order of the court, to apply upon that judgment.
An attachment cannot, therefore, be justified upon the ordinary ground of misconduct of the attorney towards his client. It is well settled that if an attorney receives money for his client upon an employment in that capacity, whether any suit or legal proceeding is instituted or not, an attachment will lie to compel the payment (5 Johns., 368 ; 4 Cow., 76 ; 4 Hill, 42, and cases there cited). Although not the attorney of Wilmerdings & Mount, he was not antagonistic to them. They owed Lowenstein the money, and were willing to pay it to whoever was entitled., An assignee had commenced an action to recover it. The appellant procured the order ex parte, and induced the respondents to pay the money to him upon the ground that such payment would be a good defense to the action of the assignee against them. The assignor afterwards recovered, and, for the purposes of this motion we must assume, rightfully recovered, against the respondents, for this money, besides the costs of the litigation, which they have paid.
It is not denied tha t Wilmerdings & Mount are entitled to some remedy for this double payment, but it is insisted that an attachment will not lie against the attorney. Both the special and general term placed their decision upon the ground of a fraudulent suppression by the attorney, when the order was obtained, of the fact, which he well knew, that this money was claimed by another, who had brought an action for its recovery, and whose title he had no reason to doubt.
The facts disclosed in the affidavit justify this finding, and we are not disposed to interfere with it.
Fraud will vitiate any legal proceedings, even the most solemn judgments (35 N. Y., 25, and cases cited).
The order was, therefore, a nullity, and the money *252 fraudulently obtained. I see no reason why in such a case the court might’ not summarily order any party, whether attorney or not, to refund the money, and issue an attachment to enforce it. If a summary process is procured, from the court by fraud, by which money is obtained, the same court may order restoration by the same process. The antidote should be as expeditious and effectual as the poison. An attachment is proper against any one who obtains money by an order of the court procured by fraud.
The appellant seeks to relieve himself by the fact, stated in his affidavit, that he paid the money to his client; but he does not say to whom or how he paid it. He was one of the plaintiffs in the original judgment against Lowenstein, as well as the attorney,' and although the judgment may have been sold by the plaintiffs’ assignees to Brambergh, among the other assets, at auction, yet he does not swear that the money was paid to the latter. But if it had been, it would not aid the appellant. In Langley v. Warner (3 N. Y., 327), the money was paid to the attorney upon a perfectly valid judgment, and he accounted to his client for it, by applying it, with-the consent of his client, upon a debt against him. The judgment was afterwards reversed, but the court held that the attorney was not liable in an action or otherwise for the money, although the client was. There the title to the money vested in the client, and the attorney had discharged his duty and was not in fault. Here the money never lawfully passed, and the order by which it was obtained having been procured by the fraud of the attorney, he could not make any disposition of it which would shield him from the consequences of the act. This would be so as to any person, and the summary jurisdiction of the court exercised over its own officers to secure good faith in their dealings with the public, renders the rule peculiarly applicable to an attorney.
Order affirmed, with costs.