# GRANT'S CASE.

*Supreme Court, First District; Special Term, December,* 1858.

ATTORNEY AND CLIENT.—REMEDY BY MOTION.

An attorney may be summarily required on motion to pay over to his client moneys belonging to the client, although the moneys were not received in any legal proceeding, or the attorney employed in any legal proceeding. It is enough to entitle the client to such remedy, that the attorney received the money in his professional capacity.

A, being an attorney, received money from B to invest on bond and mortgage for B, but did not do so.

*Held,* that the court being satisfied that he would not have been employed had he not been an attorney, he was liable to be summarily required on motion to repay it.

This was an application made by Mrs. Agnes Mary Grant to compel the defendant C., an attorney of this court, to pay over to her moneys, the proceeds of drafts placed by her in his hands, early last summer, to invest upon bonds and mortgages. In July or August she determined to make a different use of the money, and as it was not then loaned on bond and mortgage, gave him notice that she should want it in October and November. On the 1st of November she called upon him for it, and he refused to give it up to her, insisting that he had promised to loan it on bond and mortgage; and also that he had received information that the money was in some way trust funds, and that until he could obtain information from England in relation to the manner Mrs. Grant obtained them, he would not pay them.

*W. Tracy,* for the motion.

*Defendant* in person, opposed.

BALCOM, J.—This is a motion to compel C., an attorney in this court, to pay over certain moneys in his hands to Mrs. Agnes

Mary Grant; and the affidavits and papers read on the hearing have satisfied me that the moneys in question belonged to Mrs. Grant. They were received by Mr. C. on drafts delivered to him by Mrs. Grant; and there is no satisfactory evidence that they belonged to any other person.

The moneys were received by Mr. C. to invest on bond and mortgage for Mrs. Grant; but he has not invested them on such security. He has loaned a portion thereof on a note, or in some other manner not authorized by Mrs. Grant. And I am of the opinion, notwithstanding the very friendly feeling that exists between the parties, that Mr. C. would not have been employed by Mrs. Grant to invest her moneys, if he had not been an attorney; also, that he was intrusted with her moneys in consequence of his being an attorney, and received the same in his professional character.

Attorneys are frequently employed to invest moneys for their clients; and whenever they receive money in their professional character, the right exists of proceeding summarily against them to compel the payment over of such money in their hands. It is not essential that they should have received the money in any suit or legal proceedings, or that they should have been employed to commence legal proceedings. (4 *Hill*, 42.) And I think Mr. C. is liable, within these rules, to be proceeded against summarily to compel him to pay over to Mrs. Grant the money in his hands belonging to her. His alleged good motives in retaining the moneys to save them for her children, or to prevent her from making an improvident loan of the same, is no legal excuse for his refusal to pay them to her when she requested him to do so. Mr. C. has a demand against Mrs. Grant for services rendered in making investigations preparatory to loaning her money on bonds and mortgages, and I am unable to determine, upon the affidavits and papers before me, the exact amount of money Mrs. Grant has in Mr. C.'s hands, including whatever interest thereon he is justly liable for, over and above the amount due him for his services. It is, therefore, ordered that the matter be referred to the Hon. Charles A. Peabody to ascertain and report to the court the balance due Mrs. Grant from Mr. C. over and above his claim against her for services. Either party may be examined on oath before the referee at the instance of the other, or in his or her own behalf. And upon filing the

referee's report, an order may be entered that Mr. C. pay over to Mrs. Grant the balance of money that shall be found due her by the referee, within ten days after the service on him of a copy of such order.

## THE PEOPLE *on rel*. MORTON *a*. TIEMAN.

*Supreme Court, First District; Special Term, May*, 1859.

OFFICE AND OFFICER.—HOLDING OVER.—RIGHT TO SALARY.—
MANDAMUS.*

Where one exercising a public office seeks to compel payment of his salary by mandamus, he must show himself entitled of right to the office.

The compensation of a public office is an incident to the title to the office, not to its mere occupation or exercise. The principle which avails to sustain the acts of officers *de facto*, as respects third persons, will not avail to sustain the claim of such an officer to salary or fees.

An officer whose term has expired, has no right, at common law, to hold over by reason of the failure of the proper authorities to appoint an officer in his place at the expiration of his term. There is no common-law rule by which a public officer appointed or chosen for a fixed time can hold office beyond that term, upon the failure of the proper body to appoint a successor. Acts of officers may sometimes be sustained under such circumstances to protect the rights of a third party; but the officer himself cannot claim to hold over, unless by some provision of law authorizing it.

There is no such provision of law in relation to the office of city inspector of the city of New York, entitling the incumbent to hold over after the expiration of his term, until his successor is appointed.

* THE PEOPLE *on rel*. WEEKS *a*. EWEN, (*Supreme Court; First District, Special Term, June*, 1859.)—In this matter a mandamus had been asked to be issued to Brigadier-general Ewen, to prevent his disbanding the twelfth regiment of the New York State militia, as he had been ordered to do by the governor. The application had been denied.

*Henry R. Cummings*, for the defendant, now applied to Mr. Justice Clerke at special term to tax the costs, and claimed that he was entitled to have them taxed under the fee-bill in force prior to the Code.

*Charles E. Miller*, opposed, contended that the only costs the defendant was entitled to were ten dollars costs of motion.

*Held*, that the costs on mandamus were to be governed by the old fee-bill; and they were taxed in this case at ninety-six dollars and forty-nine cents.