## SUPREME COURT.

*In re* WILMERDINGS & MOUNT, respondents, agt. N. HILL
FOWLER, appellant.

Where an attorney obtains money from a third party under an order of the
court, which would not have been granted had he not suppressed certain
material facts, an attachment will issue against him.

The suppression of such facts amounts to a fraud upon the court.

*New York General Term.*

*Before* LEONARD *and* GILBERT, *JJ.*

THIS is an appeal from an order made at special term,
requiring N. Hill Fowler, an attorney, to pay to Wilmerdings
& Mount the sum of $963 $\frac{96}{100}$, with interest from the 14th
December, 1869, and in default of such payment an attach-
ment issue against him.

On the 14th November, 1866, one Mentheim Lowenstein
consigned to Wilmerdings & Mount, auctioneers, a lot of
merchandise, which realized, after deducting advances and
expenses, $963.36. This sum Lowenstein sold and trans-
ferred to Bernard Rice. On the 27th November, 1852,
Nathaniel H. Fowler and others, being the same N. Hill
Fowler, recovered judgment against Lowenstein for $804.85.
In 1867 proceedings supplementary were instituted against
Lowenstein on the Fowler judgment, and a receiver was
appointed. Wilmerdings & Mount were served with a copy of
the order of the appointment of such receiver, with notice not
to pay over the money. A suit was then commenced against
Wilmerdings & Mount by Lowenstein's assignee, Bernard
Rice. When the suit was commenced Fowler assured the

attorney for Wilmerdings & Mount that there was a good defense to the action, and furnished certain papers which tended to establish it. During the pendency of the Rice action one of the firm of Wilmerdings & Mount was examined *ex parte* in proceedings supplemental by Fowler on his judgment and an order procured from judge BARNARD that said firm pay forthwith to said Fowler the sum standing to the credit of said Lowenstein. Fowler suppressed the fact that a suit was then pending against Wilmerdings for the same sum. The action of Rice against Wilmerdings & Mount was tried and resulted in a verdict against them. A motion was then made before judge INGRAHAM that Fowler pay over the money he received from Wilmerdings & Mount or that an attachment issue. This motion was denied. An application was then made for a reargument on the ground that Nathaniel H. Fowler and N. Hill Fowler were one and the same person, and the motion was granted, and an order made that he pay the money and in default thereof an attachment issue. The defendant appealed to the general term of this court.

C. BAINBRIDGE SMITH, *for the relators.*

*First.* N. Hill Fowler obtained the money in bad faith, and by suppression of the fact that there was a suit pending against Wilmerdings & Mount for the same sum he obtained from them. A party may be as guilty of a fraud by suppressing the truth as by expressing a falsehood. The fraud he perpetrated accomplished his object.

*Second.* In all cases of this nature the remedy is by attachment against the attorney (*In the Matter of Knight,* 1 *Bing.,* 91; *S. C.,* 8 *E. C. L. R.,* 259; *In the Matter of De Wolf,* 2 *Chitty,* 68; *S. C.,* 18 *E. C. L. R.,* 25; *In the Matter of Executors of Aitken,* 4 *B. & Ald.,* 47; *S. C.,* 6 *E. C. L. R.,* 344; *In the Matter of Lawrence,* 2 *Smale & Gifford,* 372; *In the Matter of Blake,* 2 *Ellis & Ellis,* 34; *Cretwell agt.*

*Fosbrook*, 1 *Jurist*, 755; *People* agt. *Wilson*, 5 *John. R.*, 368; *Ex parte Staats*, 4 *Cow.*, 76; *In the Matter of S. D. Dakin*, 4 *Hill*, 42; *Butler* agt. *Wehle*, *MS.*

*Third.* The defendant could have been proceeded against criminally. The Revised Statutes declares that "any counselor, attorney or solicitor who shall be guilty of any deceit or collusion with intent to deceive the court or any party shall be deemed guilty of a misdemeanor, and on conviction shall be punished by fine or imprisonment, or both, at the discretion of the court. He shall also forfeit to the party injured by his deceit treble damages, to be recovered in a civil action (2 *R. S.*, 287, § 68; 2 *R. S.*, *Edm. ed.*, 298, § 68).

*Fourth.* The case of *Langley* agt. *Warner* (3 *Comst. R.*, 327), which will be relied on by Fowler, has no application to the case at bar. In that case the plaintiff brought an action against Warner to recover moneys that Walsh had paid over to him from a judgment which Walsh had obtained against Langley, and which judgment was afterward reversed. The question in that case was one of agency, and did not involve the question of the liability of an attorney who had received moneys fraudulently.

*Fifth.* It is submitted that the order should be affirmed, with costs.

A. H. Reavey, *for the defendant.*

*First.* The supplementary proceedings, and the proceedings against Wilmerdings & Mount, were and are in every particular proper and lawful (*Gibson* agt. *Haggerty*, 37 *N. Y. R.*, 555; *Code*, §§ 292, 294, 297).

*Second.* If the *order*, under which the respondents paid the money, was *void*, or they paid it under *duress* or by *mistake*, its return can only be had by an *action at law* (1 *Hill*, 343; 2 *Comstock*, 83; 4 *Parker*, 45).

*Third.* Whatever money the appellant collected was collected by him as *attorney* and paid by him to his client, Bam-

burger, less his fees, long prior to the making of this motion. Fowler swears to it, unequivocally to it (*Langley* agt. *Warner*, 3 *Comst. R.*, 327).

*Fourth.* If the *order*, under which the money paid, was erroneous or illegal, the only remedy the respondents had was either to have *appealed* from it or *moved* for its *modification* or *vacation.* They have done neither.

*Fifth.* Supplementary proceedings may be instituted in the name of a judgment creditor, although the judgment be assigned (2 *Abbott*, 457 ; 1 *Code R.* [*N. S.*], 91 ; 18 *Howard*, 96 ; 3 *Sandf. R.*, 676).

*Sixth.* It is respectfully submitted that the order appealed from should be reversed with costs.

*By the Court,* GILBERT, *J.*—It is testified by the attorney of Messrs. Wilmerdings & Mount, and not denied by Mr. Fowler, that when the latter obtained the moneys in controversy he knew the fact that said moneys were claimed by Mr. Rice, and that an action, brought by him, against Wilmerdings & Mount to recover the same was then pending. There is nothing in the papers to show that Mr. Fowler had any reason to question the title of Mr. Rice to the moneys. On the contrary, it is a fact of some significance that it is not made to appear that Lowenstein, the judgment debtor, on his examination stated that the moneys belong to him. That examination is not before us, and all that appears respecting the contents of it is set forth in Mr. Fowler's affidavit, dated October 23d, 1871. The statement there is, that on the examination of the judgment debtor he stated and swore that the relators (Messrs. W. & M.) had owed him the money in question. The title of Mr. Rice has been judicially established.

Mr. Fowler obtained the moneys upon an *ex parte* deposition of Thomas A. Wilmerding that there was a balance of $963.36 remaining with his firm to the credit of the judgment debtor. Mr. Wilmerding was not interrogated respecting the

claim of Rice, or whether such balance was, in point of fact, the property of the judgment debtor; nor did Mr. Fowler state to the justice, who made the order directing Wilmerding & Mount to pay the money to him, the fact that the judgment debtor had assigned said moneys to Rice, or anything concerning Rice's claim thereto. *Nothing whatever is shown to justify or excuse such a suppression of material facts.* As the case is now presented, that suppression can be regarded in no other aspect than that of an imposition on the justice who made the order. In such a case there can be no question of the power and duty of the court, by appropriate means, to compel a restitution of the moneys to the parties thus illegally deprived of them (*Slater* agt. *Phœnix Bank*, 33 *N. Y. R.*, 25, *and cases cited*). And where the person proceeded against is an attorney, the remedy by attachment is the proper one. No embarrassment arises from the statement of Mr. Fowler that he has paid over the moneys to the plaintiffs. Nor is it necessary to pass upon the legal effect of such a fact, if it existed, for Mr. Fowler is one of the plaintiffs, and the statement would be literally true if he retained the moneys and charged himself therewith in account with his firm. It appears one Bamberger is the person entitled to receive the moneys from Fowler, and there is no pretense that they have been paid to him.

The appeal from the order made by Mr. justice INGRAHAM was waived by the motion under review.

Upon the whole case, therefore, we think the order appealed from should be affirmed with costs.*

---

* The defendant appealed to the court of appeals, and on the 15th of May, 1873, the order was affirmed with costs, the court holding that the order of judge BARNARD, under which the money was paid, having been procured by fraud, was a nullity, and that an attachment was the proper remedy and applicable in such cases to any person guilty of obtaining money by fraud.