IN THE MATTER OF THE PETITION OF WILHELMINA FINCKE.

(Decided April 5th, 1875.)

This court has power, on motion, to compel, in a summary manner, an attorney
to pay over to a client money collected by him in a suit in the court, and if
the attorney claim a lien upon the sum for professional services rendered to the
client, he is not entitled, as a matter of right, to a trial by jury in respect to
his claim, but the court has power to order a reference to determine how much
is due him for such services, and on the confirmation of the referee's report
showing a balance due to the client, the attorney will be ordered to pay it
over.

APPEAL from order of this court, made at special term
by Judge ROBINSON, requiring John H. Cornell, an attorney of
the court, to pay over to the petitioner the sum of $1,445 45,
and also to pay $238 20 costs and disbursements of the proceed-
ing, with interest, within twenty days from the service of the
order.

By the petition, to which Mr. Cornell made no answer by
affidavit or otherwise, it appears that the petitioner employed
him as her attorney, to appear for her in an action for the parti-
tion of real property in which she had an interest; that Cornell,
as her attorney, received from the referee in the partition suit,
after sale, $1,569 08 as the petitioner's share in the proceeds,
and $1,096 costs and allowance, on the 28th and 19th days of
July, 1873, respectively; that petitioner applied to Cornell re-
peatedly, from August 1st to August 25th, 1873, to know
whether he had received any money from the sale of the prem-
ises in partition, and was informed by him that he had not;
that petitioner learned from the referee on August 27th, 1873,
of the payments to Cornell, and on the 30th day of August,
1873, went to Cornell's office, saw his clerk, Mr. Baab (Cornell
being absent), and was informed by the clerk that Mr. Cornell
was very much astonished to find that she expected to receive
any of the purchase money of the said premises; that she

should not expect one penny; that she must be satisfied if Mr. Cornell did not charge her more; that, for the last three years, Mr. Cornell had not received any money from her; and that said Cornell had requested him (the clerk) to say so to petitioner; that, for four years past or more, Cornell had been the legal adviser of petitioner and her husband, and had acted as attorney and counsel for her husband and herself, and had been paid, since August 2d, 1869, for such services, at least $1,485 60 in cash, and that petitioner had never agreed with Cornell that any part of the proceeds of the sale in partition should be applied in payment for services rendered by him, or should be disposed of in any other way than by payment of the whole amount to the petitioner.

On this petition Chief Justice DALY made an order requiring Cornell to show cause, at a special term on a day and hour named, why the prayer of the petition (that Cornell pay over to her, or to her attorneys, the said sum of $1,569 08, with interest, and the costs of the proceedings) should not be granted, and why the petitioner should not have such other and further relief as might be just in the premises.

On the return day of the order to show cause Cornell appeared, and an order was made by the court (Chief Justice DALY) (Cornell opposing), referring it to William Mitchell as referee, to ascertain and report the truth of the allegations of the petition, and to ascertain and report the amount of moneys belonging to the petitioner then in the hands of said Cornell, and the time of receiving the same, and to ascertain and report whether the said Cornell had any lien upon said moneys in his favor, and, if any, the extent and nature of such lien.

The referee reported, among other things, that Cornell had received the sums at the dates set forth in the petition, viz.: $1,569 08, the share of the petitioner in the sale in partition, and $1,000 allowed to the petitioner and her husband, and $96, the taxable costs; that the petitioner had called on him for the amount coming to her, and he had "refrained from telling her he had received the money, and some time afterwards he claimed that he was entitled to the whole for services rendered by him;" that the referee had taken evidence as to what services were

rendered by Cornell to the petitioner, and what they were worth; that the services in the partition suit were worth $600, besides the adjusted costs, $96, and his services in all other matters, over and above payments made by the petitioner to him, were worth $618 10, making in all $1,314 10; and that he had a lien to that amount on the $2,665 08 received by him in the partition suit, and that the difference, or $1,350 98, with interest from September 1, 1873, was due from him to the petitioner.

Thereupon, by order made at special term, the court ordered that the said Cornell pay over to petitioner $1,455 45, the amount so reported due, and interest, and also $238 20, the costs and disbursements of these proceedings, being together $1,693 65, with interest from the date of the order. The said Cornell having filed exceptions to the referee's report, they were argued, and the report confirmed in and by the said order.

The parties stipulated that upon this appeal no question should be raised, except as to the power of the court to make the order of reference; that no question should be raised that the evidence before the referee did not support the allegations of the petition; that it is conceded that the order of reference was duly served on Cornell, and that he did not appeal therefrom; that he appeared before the referee, and did not object to the validity of the order or to the jurisdiction of the referee; that he brought in before the referee an account in his favor against the petitioner of about fifty distinct items, which account was examined by the referee at the request of Cornell, who offered it as a counter-claim to the claim of the plaintiff.

*Malcolm Campbell*, for appellant. The court had no power to try in a summary way upon motion, the questions of fact presented for determination upon the plaintiff's motion on the original order to show cause.

We do not deny the summary jurisdiction of the court over its attorneys, and their power to compel an attorney on motion to pay over to his client money collected by him for the client, where there are no facts in dispute, and any claim he may make to the money presents simply a question of fact, though

such a claim be made in good faith, as in *Bowling Green Savings Bank* v. *Todd* (52 N. Y. 489), or where (as before the Code) the amount of his claim can be ascertained by the taxation of his costs as fixed by statute, or even where it is evident that his claim to the money is fraudulent and made in bad faith, especially where the attorney is insolvent. But we contend that where, as in this case, the attorney's claim to the money is made in good faith, the court has no such power or jurisdiction over him, but the client's only remedy is by action, and the attorney has an absolute right to a trial of his claim by a court and jury.

There are many cases where, in the course of proceedings in an action, the misconduct of the attorney conducting them is developed, and the court has ordered him to pay costs incurred. But in those cases the court had the power to decide the questions, which were questions of practice arising on motions, in a summary way, and impose costs against the party in the wrong; and the attorney conducting the proceedings appearing to have been guilty of some misconduct, the court has ordered him to pay the costs. (*Rex* v. *Tew*, 1 Sayer, 50 ; *Rex* v. *Bennett*, Id. 169 ; *Mordecai* v. *Solomon*, Id. 172, are cases illustrative of this.) But whenever the court has been asked to determine any question of fact between the attorney and client, properly determinable in an action, the court has uniformly refused to do so, whenever the objection has been taken (*Balsbaugh* v. *Frazer*, 7 Harris, 99 ; *Longworth* v. *Hardy*, 2 Disney, 75 ; *In re Paschall*, 10 Wall. 483 ; *Barker's Case*, 49 N. H. 197, 198 ; *Bryant's Case*, 24 Id. 154 ; *Hodson* v. *Terrall* (1833), 2 Dowling Prac. Cases, 264 ; *Beal* v. *Langstaff*, 2 Wilson, 371 ; *Matter of Mavris*, 2 Ad. & E. 582 ; *Dagby* v. *Keniths*, 2 Barn. & Ad. 411 ; *In re Lord*, 2 Scott, 131 ; *In re Phillips*, 3 Jurist, 470 ; *Brazier* v. *Bryant*, 2 Dowl. P. C. 600 ; *Meigs* v. *Binns*, 3 Scott, 52 ; *In re Jones*, 1 Chitty, 651 ; Merrifield's Law of Att'ys, 92 ; *Duncan* v. *Yancey*, 1 McCord Rep. 149 ; *Cullingford* v. *Warren*, 8 Barn. & Cress. 220.; 6 Modern, 16 ; *Pitt* v. *Yalden*, 4 Burr. 2060 ; *Barker* v. *Butler*, 2 W. Blackstone, 780; *Hyman* v. *Washington*, 2 McCord, 493 ; *Haight* v. *Holcomb*, 16 How. Pr. 173 ; *Fox* v. *Fox*, 24 How. Pr. 409).

The right to a jury trial being a constitutional privilege, and going to the jurisdiction, could not be waived (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Stevens* v. *Phœnix Insurance Co.* 41 Id. 149; *Mooney* v. *Hudson R. R. R. Co.* 3 Daly, 105; *People* v. *Brennan*, 45 Barb. 345).

*Edward E. Sprague*, for respondent. The jurisdiction of the court over its attorneys may be exercised on motion (*Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *Barry* v. *Whitney*, 3 Sandf. 696; *Grant's Case*, 8 Abb. Pr. 357; *Hess* v. *Joseph*, 7 Rob. 609, 610; *Ex parte Ketchum*, 4 Hill, 564, 565; *Saxton* v. *Wyckoff*, 6 Paige, 182; *Wilmerdings* v. *Fowler*, 14 Abb. Pr. N. S. 249; *Merritt* v. *Lambert*, 10 Paige, 352).

The jurisdiction being established, the power of the court to refer the issues between the parties cannot be questioned upon this appeal. The question should have been raised by an appeal from the order of reference (*Porter* v. *Parmly*, Sup. Ct. Gen. T. Dec. 1874; *Dwight* v. *St. John*, 25 N. Y. 203; *Kane* v. *Whittick*, 8 Wend. 219–232). Mr. Cornell having appeared before the referee, and proceeded with the reference without protest or objection, and having established a lien in his favor upon the moneys described in the petition, which lien is allowed by the referee, and having filed and argued exceptions to the referee's report, must be deemed to have submitted himself to the jurisdiction of the referee, and cannot now dispute the validity of the order of reference (*Ubsdell* v. *Root*, 3 Abb. Pr. 142; *Radway* v. *Graham*, 4 Id. 168; *Kane* v. *Whittick*, 8 Wend. 219–232; *Atkinson* v. *Manks*, 1 Cow. 691, 709; *Porter* v. *Parmly*, above cited). The cases cited by appellant are cases where the court had no jurisdiction. The order of reference was right and proper. The court had the right to refer the issues (*Dwight* v. *St. John*, 25 N. Y. 203.) Such is the established practice in cases of this kind. (*Barry* v. *Whitney*, 3 Sandf. 696; *Grant's Case*, 8 Abb. Pr. 357; *The People* v. *Smith*, 3 Caines, 221; *Same* v. *Brotherson*, 36 Barb. 662; *Wilmerdings* v. *Fowler*, 15 Abb. Pr. N. S. 86, 93; *Merritt* v. *Lambert*, 10 Paige, 252). If the papers in

these proceedings had been entitled, as they might properly have been, in the partition suit in which the money was collected, this order of reference would be strictly within the provisions of the Code (§ 271, subd. 3). It can make no difference that they were not so entitled (Code, § 406). The only method of determining the issues between these parties was by a reference. Mr. Cornell's account against the petitioner consisted of fifty distinct items. If the petitioner had proceeded by action, a reference would have been ordered.

JOSEPH F. DALY, J.—The only question raised on this appeal, pursuant to the stipulation, viz., as to the power of the court to make the order of reference, involves the inquiry : 1st, As to the jurisdiction of the court to entertain this application for summary relief ; and 2d, As to the practice.

The late case of *The Bowling Green Savings Bank* v. *Todd* (52 N. Y. 489), settles in this State all question as to the power of the court to compel, in a summary manner, the payment by an attorney to his client, of moneys collected by the former for the latter. The view taken by the learned judge at special term, who made the order appealed from, and set forth in his opinion, is thus confirmed by the authority and reasoning of the highest tribunal in the State, and makes it unnecessary for us to examine the case of *Pascal* (10 Wallace, 491), since the Court of Appeals, reviewing that authority, reaffirms the doctrine which has always prevailed in our courts, that a client may compel payment of moneys collected for him by his attorney, by motion, and shall not be remitted to his action at law, even where the attorney in good faith claims a lien upon the fund for his services (3 Sandf. 696 ; 4 Hill, 564, 565 ; 6 Paige, 182 ; 5 Id. 311 ; 10 Paige, 352 ; 8 Abb. Pr. 357; 14 Abb. Pr. N. S. 249).

As to the reference to ascertain the truth of the matters alleged in the petition and the extent of the attorney's lien, it was strictly in accordance with the practice established by many precedents (3 Sandf. 696 ; 8 Abb. 357 ; 15 Abb. Pr. N. S. 86, 93 ; 3 Caines, 221 ; 36 Barb. 662), and affords the only satisfac-

tory mode of ascertaining the facts upon which the order of the court is to be based.

The order appealed from should be affirmed, with costs.

LOEW and LARREMORE, JJ., concurred.

Ordered accordingly.