## BRISTOL COUNTY.

CLARA A. ANDERSON, Guardian, *vs.* ORRIN L. BOSWORTH.

The summary jurisdiction of the court to be exercised by order to its attorneys extends to any matter in which an attorney has been employed in his professional character.

An attorney who receives from his client money in special deposit for a special purpose cannot retain his fees out of it.

PETITION for an order of court requiring the respondent to pay over certain moneys received by him as attorney.

*Providence, February* 5, 1887. DURFEE, C. J. The facts stated in the petition for our action are as follows : The petitioner and two minors for whom she is guardian are plaintiffs in an eject-ment suit pending in this court, wherein Nathan M. Bunn is nom-inally defendant, but which is in fact defended by one Samuel J. Allyn, for himself and wife, the parties really interested. A set-tlement of the suit was recently agreed upon, by the terms of which the suit was to be discontinued without costs, upon convey-ance to Allyn's wife of the interest of the minor plaintiffs in the land in suit, leave to make the conveyance being obtained, by the petitioner as guardian, of the Court of Probate, and upon payment by Allyn to the petitioner as guardian of $150, together with the expenses of obtaining leave to make the conveyance. Leave was obtained from the Court of Probate accordingly, and on February 27, 1886, Allyn, with a view to carrying out the settlement, de-posited with the respondent, who was his attorney, $100 of the sum required, and took from him a receipt acknowledging that he had received said $100 " towards the settlement." Subsequently the petitioner received from Allyn the receipt and the additional $50, and whatever other amount was necessary to pay for pro-

curing the leave to convey, and, in execution of the settlement, conveyed to Allyn's wife the interest of her wards in the land in suit. She then presented the receipt to the respondent, and demanded the money represented by it, and he refused to deliver it to her. She invokes the summary jurisdiction of the court, and asks that an order may be made directing the respondent to deposit the money with the clerk for her on or before a day to be named. The respondent does not dispute the correctness of the foregoing statement, but avers that when he received the $100 it was with the understanding that Allyn was to bring him a further sum, sufficient with the $100 for the purposes of the settlement, and also to pay him for his services as attorney, he to attend to the completion of the settlement. He also avers that Allyn completed the settlement himself without his knowledge, in order to avoid paying for his services as attorney, and contends that the petitioner and her counsel ought to have informed him of their purpose before concluding the settlement, if they intended to look to him for the $100 in his hands. He professes his readiness to pay to the petitioner what will remain of her $100 after deduction of his fees.

Two questions are raised. The first is, whether the respondent is entitled to retain his fees out of the $100 ; and, if he is not, the second is, whether the petitioner presents a case for the exercise of the summary jurisdiction of the court.

. We do not think there is any doubt in regard to the first question. The money was left with the respondent in special deposit for a special purpose. He so received it. He therefore cannot, consistently with his agreement or duty, apply it to any other purpose without leave, which now can be given by no one but the petitioner. The equity of this view is the stronger because the respondent, by giving the receipt, put it in the power of his client to use it in effecting the settlement as so much money in the respondent's hands for the petitioner. We do not think the petitioner, in concluding the settlement with Allyn, was guilty of any such fault toward the respondent as should impair her right. It is not pretended that she had any notice of any claim on his part to participate in the settlement, or that she colluded with Allyn to cheat him out of his fees. And see *Horton* v. *Champlin*, 12 R. I. 550, 552. Indeed, we do not see how, even if the respon-

dent had been present, he would have had any right to defeat or embarrass the settlement by withholding the $100, since the settlement was simply the execution of an agreement already entered into, and the respondent knew of the agreement and tacitly assented to it when he received the money.

We pass to the second question. The summary jurisdiction evidently originates in the disciplinary power which the court has over attorneys as officers of the court. The opinion seems to have been prevalent at one time that the jurisdiction extended only to attorneys employed as such in suits depending in court, to hold them to their duty in such suits ; but a more liberal view has obtained, and it is now well settled that the jurisdiction extends to any matter in which an attorney has been employed by reason of his professional character. *In re Aitkin,* 4 B. & A. 47, 49 ; *Grant's Case,* 8 Abb. Pr. 357 ; *Ex parte Staats,* 4 Cow. 76 ; *Ex parte Cripwell,* 5 Dowl. P. C. 689 ; *De Woolfe et al.* v. ——, 2 Chitty Rep. 68 ; *In re Knight,* 1 Bing. 91. In general the jurisdiction applies only between attorney and client, but it is not confined strictly to that relation. *In re Aitken,* 4 B. & A. 47 ; *Tharratt* v. *Trevor,* 7 Exch. Rep. 161. In *Moulton* v. *Bennett,* 18 Wend. 586, the respondent, as plaintiff's attorney in a *qui tam* action, claimed and received certain costs from the petitioner, who was the defendant in said action, in partial settlement of the same. The costs were taken on the mistaken supposition that the petitioner was liable to pay them. The application was preferred nearly four years afterwards, and the court made an order on the respondent to refund. See, also, *Wilmerdings & Mount* v. *Fowler,* 45 How. Pr. 142.

The petitioner is a suitor in court, and the respondent received the money for her for the purpose of carrying out an agreement for the settlement of the suit. She has fully executed the agreement on her part except discontinuing. We are of the opinion that it will be an eminently proper exercise of our summary jurisdiction to order the payment as asked for, so that settlement may be completely executed without further obstruction.

*John C. Pegram & George L. Cooke, Jun.,* for petitioner.
*Orrin L. Bosworth, pro se ipso.*