In the Matter of GEORGE H. FORSTER, Attorney and Counselor-at-Law.

*Attorney, receiving money in a matter pending in a United States Court — how far subject to the summary powers of the Supreme Court of New York — such summary power not exercised in a case in which there are conflicting claims to the fund.*

In a proceeding, to compel an attorney to pay over money received by him, it appeared that whatever the attorney had done was done by him as an attorney and counselor of the Court of Commissioners of Alabama Claims, a court of special and limited jurisdiction, created under the laws of the United States.

*Held*, that the Supreme Court of this State had no jurisdiction of the attorney in this matter, to compel him to pay over this money; that the only way in which its summary power could be invoked for derelictions of duty on his part, outside of his relations to his clients as an attorney and counselor of the several courts of this State, would rest upon an application to deprive him of the right to exercise the duties of that office, because of such moral delinquencies as made it improper that he should remain on the roll of attorneys and counselors of this court.

That, inasmuch as it was claimed by the attorney that parties who were not represented on this application had liens upon the fund in question, and there might be a question of law as to whether these liens actually existed, that the attorney had a right to have such parties brought into court, in order that the rights of all parties might be determined, and he not be left liable over to parties not brought into this proceeding after a judgment against him herein.

*Matter of Knapp* (85 N. Y., 284) distinguished.

Appeal from order of reference entered in a proceeding against an attorney to compel him to pay over money.

*F. P. Forster*, for George H. Forster, appellant.

*C. J. G. Hall*, for the petitioner, respondent.

Van Brunt, P. J.:

There is no claim presented, upon the part of the moving parties herein, that the attorney proceeded against has in any way acted in bad faith or from any improper motives. It is conceded that whatever he has done has been done for the protection of rights which he has honestly believed he should protect. While concurring with the opinion of Mr. Justice Daniels, that these proceedings on behalf of different and distinct claimants cannot be united, no authority has been cited which seems to us to justify the court

in assuming, under the facts developed in this case, the summary jurisdiction which is invoked. Reliance is placed upon what is said by the Court of Appeals in the *Matter of Knapp* (85 N. Y., 284), but an examination of that case shows that the attorney had acted as the counsel for the plaintiff in various proceedings, and had been retained to prosecute a claim against the city; that he had acted as counsel for the petitioner in the contest of the will, and that he had received or collected the claim in his professional character as attorney and counsel, and not as agent.

In the case at bar, however, it appears that whatever the appellant has done, was done as an attorney and counselor of the Court of Commissioners of Alabama Claims, a court of special and limited jurisdiction, created under the laws of the United States. It had no relation to his office as the attorney and counselor of the courts of this State. The whole of his services was rendered as an attorney and counselor of that court and of no other. Under these circumstances it is difficult to see how the Supreme Court acquires jurisdiction of this attorney, unless in every case of dereliction of duty upon the part of a person holding the office of attorney and counsel, the court has a right to exercise its summary power. We think that the only way in which this summary power can be invoked for derelictions of duty outside of his relations to his clients as an attorney and counselor of the several courts of this State, must be by an application to deprive him of the right to exercise the duties of that office because of such moral delinquencies as make it improper that he should remain on the roll of attorneys and counselors of this court.

In the case at bar, however, no such application is made, and there is no pretense that the attorney has been guilty of any conduct which could be the subject of animadversion, the only claim against him being that he is protecting rights which do not exist, and his attempts to protect those rights are, it is admitted, made in good faith.

But there is another reason why this application should have been refused. Even in those cases where the court has jurisdiction to call an attorney summarily to account, it is laid down in the case cited that there must be a clear case presented against the attorney before these summary remedies can be invoked. In the case at bar

there is a claim that parties who are not represented on this application have liens upon the fund in question, and although it may be a question of law as to whether these liens actually existed, yet the attorney and stakeholder has a right to have those parties brought in, in order that the rights of all may be determined, and he not be liable over after a judgment against him in a proceeding of this character. The parties claiming, or having the right to claim, cannot be brought in in this proceeding, and, consequently, there is not that clear case which, in the matter of Knapp, was said to be a necessary condition precedent to the entertaining of such an application.

The order should be reversed, with ten dollars costs and disbursements.

BARTLETT, J., concurred.

DANIELS, J. :

This proceeding was commenced by petition in favor of six different claimants to obtain possession of warrants for the payment of money received by the attorney under the authority of the Court of Commissioners of the Alabama Claims. This court was created by chapter 459 of the Laws of Congress, enacted in 1874. And by the last section of the act it was provided that the court, on motion, should allow, out of the amount awarded, a just and reasonable compensation to the attorney or counsel for services performed in the prosecution of the claims and that all other liens, assignments, sales or transfers, either absolute or conditional, should be absolutely void, when made before the awarding of judgment. By chapter 62 of the Laws of Congress of 1884 the existence of this court ceased with the year 1885. And its jurisdiction, therefore, ended before this proceeding was begun. To support the proceeding in this court it has been averred, and that has not been denied, that the respondent has, during all these times, been an attorney and counselor of this court, and that a warrant was issued and received by him in favor of each of the different claimants. But a dispute arose as to the amount which should be charged by Mr. Forster for his services in the prosecution of the claims and receiving the warrants, and this proceeding was taken to settle that dispute, and declare the terms on which the claimants should receive the warrants. The respondent in the proceeding has objected to these different claimants combining

together to commence and prosecute it, and, as their claims and demands are wholly separate and distinct from each other, this objection appears to be well taken.

It may be, under the rule followed in *Bowling Green Savings Bank* v. *Todd* (52 N. Y., 489, 493); *Matter of Kuhne* (23 Hun, 282); *Matter of Mertian* (29 id., 459); 17 Week. Dig., 163; *Matter of Fincke* (6 Daly, 111), and *Matter of Knapp* (85 N. Y., 284), that a summary application can be maintained in favor of the respective claimants to adjust the dispute which has arisen between themselves and the attorney, who is an officer of this court, to settle the terms on which the warrants or their proceeds shall be transferred or paid over. But neither of these cases, nor any other, sustains the right of separate and distinct claimants to combine together to prosecute such a single proceeding for their separate and individual benefit.

In this respect, the proceeding is irregular and without authority, and, as the objection has been taken, necessarily presenting and requiring the decision of this point, it must be held to be well founded, and the order of reference should be reversed, and the application, in its present form, denied, and the appellant should be allowed ten dollars costs of the appeal, and also his disbursements.

Order reversed, with ten dollars costs and disbursements.