# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY AND THE PREROGATIVE COURT.

### MARCH TERM, 1900.

———————

ELIZABETH M. BRACHER, respondent,

*v.*

FRANKLIN M. OLDS, appellant.

[Filed June 18th, 1900.]

1. Whether an attorney has a lien upon a last will and testament of a client in his possession and may retain the same, and withhold it from a probate court until payment of a bill for professional services, *quære.*

2. When, after complete execution of a will a testator delivers it to his attorney, with express instruction to deposit it in testator's safe, the possession of the will thus obtained is not the possession of an attorney, but of a mere agent or messenger, and is inconsistent with possession under a claim of lien.

———————

*Mr. Robert H. McCarter,* for the appellant.

*Mr. Chauncey G. Parker,* for the respondent.

The opinion of the court was delivererd by

MAGIE, CHANCELLOR.

The above-entitled cause embraces three different appeals taken by Olds, the appellant, from as many orders or decrees of the prerogative court. The three appeals, by our order, made on the consent of the parties, were consolidated and argued together.

The first order appealed from directed a citation to be issued to Olds, requiring him to produce and deliver to the register of the prerogative court the last will and testament of Thomas W. Bracher, deceased, which Olds, by affidavits used on the hearing, admitted was in his possession.

The second order appealed from denied the application of Olds that the said last will and testament should be put in the custody of the register and remain without probate pending the appeal taken from the first order.

The third order or decree appealed from was one admitting the will to probate.

These appeals have been deemed to call for decision of the same question, namely, whether Olds, an attorney, has a right to retain in his custody and withhold from production for probate, a last will and testament of a client, drawn by him, until payment of a bill for professional services alleged to have been rendered for such client.

That question has been elaborately argued, but in the view taken by this court, does not require decision, and no opinion is expressed thereon.

It plainly appears from the affidavits filed in the prerogative court that, after the will had been executed by the deceased, it was in his possession and that it was then delivered to Olds with express instructions to have copies of it made and then to deposit it in a safe of which deceased had the use.

Upon delivery of the paper upon such instructions, the possession of Olds was not that of an attorney or confidential adviser, but only of an agent or messenger with prescribed duties inconsistent with the possession under the claim of lien. By such possession Olds acquired no more right to retain the document and withhold it from probate than he would have if he had surreptitiously abstracted it from his client's possession.

Upon this view the orders and decree appealed from are not open to objection on the part of Olds, and must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES—14.

*For reversal*—None.