The receiver of the insolvent company prays that the respondent, Devin, may be ordered to turn over to him $496.57, claiming it as the property of the company. The master to whom the matter was referred ruled against the receiver who filed exception.
Devin was the company's lawyer. It owed him $496.57 for professional services. He had in hand $513.44 and applied the amount of his debt in satisfaction of his supposed lien. If he has a lien, he may retain it; if not the receiver is entitled to it, and the court has jurisdiction to compel him to turn it over. This summary proceeding must not be confused with instances of adverse claim of title to property and where recovery must be sought in a plenary action in the proper tribunal. Here the question is one of lien upon funds, the property of the receiver under the statute.
An attorney has a lien for a general balance due for professional services upon moneys in hand belonging to his client which have come to him in the course of, and with reference to, his professional employment. That is settled law. Delaney v.Husband, 64 N.J. Law 275. If the money belonged to the defunct company and he had a lien, it was appropriable by the respondent even though the corporation was insolvent; the appropriation was not preferential, void under the section 64 of the Corporation act, for then it was applied in satisfaction of his lien, subject to which the money passed to the receiver under section 66 of the act.
The money was lienable unless, as the receiver claims, it came to the respondent's possession in trust for creditors of the corporation under a trust agreement, and if that be so the respondent has no lien. That there was a trust arrangement, later reduced to writing, to which arrangement and *Page 243 
writing the respondent was a party and knew all about, and that the money is charged with the trust, the testimony leaves not a shadow of doubt.
The facts as developed before the master are these: The company was unable to meet its obligations; it was insolvent. The creditors were called together and the company's condition was explained. Its assets were two newly built houses and a vacant lot which were then under contract to be sold, but there were mortgages and mechanics' lien claimants to be satisfied before clear title could be given. The creditors elected two trustees, to whom the properties were to be conveyed, who were to settle with the purchasers and divide what was left among the creditors. The respondent attended the meeting. There were more meetings, and he attended. He was the attorney of the building and loan association which held the mortgages on the houses, and he had on hand some of the mortgage money to be used to make the settlements. Another lawyer represented the defendant company and drew the trust agreement. A copy of the agreement before the master recites that the properties were conveyed to the trustees (later eliminated) and provides that the funds to be realized were to be held in trust and paid to creditors of the company presenting their claims within thirty days after notice. The respondent suggested the needlessness of the company conveying the properties to the trustees and advised that the company convey directly to the purchaser, and the provision was stricken from the agreement. The trustees busied themselves getting releases from lien claimants and the respondent closed the titles with the purchasers, for each of which he charged a fee — $75, $75 and $50, and took it out of the fund. The mortgage money was in his trust account and when all was settled there was a balance of $513.44. The balance was in his trust account when the receiver was appointed. He sent the receiver a check for $16.88 and retained the difference, $496.57.
The fund was in the respondent's possession for a special purpose; in trust. It was not the company's money and the lien for his services could not fasten upon it. Anderson v. *Page 244 Bosworth, 15 R.I. 443; State v. Lucas, 24 Or. 168. SeeBracher v. Olds, 60 N.J. Eq. 449; 6 C.J. 786. The trust being for the benefit of creditors availing themselves of it, made when the company was insolvent, was valid as to the corporation, but invalid as against creditors generally. The receiver represents the creditors in this proceeding, and sues in their behalf.Receiver of Graham Button Co. v. Spielmann, 50 N.J. Eq. 120.
In either aspect the respondent has no lien and he will be directed to remit.
The original agreement was not produced and the respondent objected to the copy. If he insists upon his objection the cause will be remanded to introduce the original or proof of its loss; the receiver's delinquency cannot be imputed to the creditors.
Exception sustained.