212 So.2d 119 (1968)
John P. WILKERSON, As Garnishee, Appellant,
v.
Edna OLCOTT et al., Appellees.
No. 1458.
District Court of Appeal of Florida. Fourth District.
June 6, 1968.
Rehearing Denied July 22, 1968.
*120 John P. Wilkerson, Eustis, and E. Hood Wilkerson, Orlando, for appellant.
Allen K. McCormick, Orlando, for appellee, Edna Olcott.
OWEN, Judge.
The appellant, John P. Wilkerson, a practicing lawyer of Eustis, Florida was served with a writ of garnishment and in the final judgment from which he appeals, he was found liable to the plaintiff in the amount of $1,000.00 as the amount of funds the court found the garnishee had in his possession as the property of the principal defendant, John A. Olcott.
The Olcotts were having marital problems. Mrs. Olcott had apparently filed suit for separate maintenance, obtained an order granting temporary relief, and after a period of time obtained judgment against her husband for amounts in arrears in the sum of $1,950.00. We are not concerned with that judgment as such. Mr. Olcott ostensibly hired Mr. Wilkerson to obtain a divorce for him and placed in trust with Mr. Wilkerson the sum of $1,000.00 for the purpose of having the same paid to the wife and wife's attorney if and when a final decree of divorce was entered and no money obligations imposed on Mr. Olcott. Mr. Wilkerson then notified Mrs. Olcott's attorney that he had the sum of $1,000.00 in his trust account on the conditions above stated, Mr. Wilkerson being unaware of the outstanding judgment for past due support payments, and assuming that upon his notifying Mrs. Olcott's attorney of the money being available, Mrs. Olcott would proceed to obtain the divorce without delay. A few days later Mr. Wilkerson was served with a writ of garnishment by Mrs. Olcott.
The principal point on appeal is whether an attorney, holding his client's funds in a trust account for a specific purpose, is subject to a garnishment as to such funds where the attorney claims that he has a retaining lien against such funds for his fees.
Obviously a creditor in garnishment can occupy no stronger position with regard to funds in the hands of the garnishee than could be maintained by the defendant debtor.[1] Thus, in the case at bar, the question resolves itself into whether Mr. Wilkerson could have properly refused *121 Mr. Olcott's request [prior to service of writ of garnishment] for return of the funds in order to enforce payment of any amount which the lawyer might claim as due him for professional services. The appellant relies on the case of Nichols v. Kroelinger, Fla. 1950, 46 So.2d 722, to support his position that he has a valid retaining lien against the funds in dispute and cannot be subjected to garnishment. We are of the opinion that such case does not support the position taken by the appellant because that case involved an attorney's charging lien which is separate and distinct from the retaining lien claimed by the appellant.
We think the question can be answered by reference to the Integration Rule of The Florida Bar, Section 11.02(4), 32 F.S.A. which reads as follows:
"(4) Trust Funds and Fees. Money or other property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose. Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorneys fees, and a refusal to account for and deliver over such property and money upon demand shall be deemed a conversion. This is not to preclude the retention of money or other property upon which the lawyer has a valid lien for his services or to preclude the payment of agreed fees from the proceeds of transactions or collections. * * * "
Reference to the record clearly discloses from Mr. Wilkerson's own testimony that there was no agreement with Mr. Olcott that Mr. Wilkerson was to be paid any set amount of fee out of the funds, nor was there [up to the time of service of writ of garnishment] any basis upon which Mr. Wilkerson could determine what amount, if any, he would have been entitled to charge. In fact, the appellant does not argue that he is entitled to any specific part of the funds in his possession, and certainly does not argue that he is entitled to the entire amount. Rather, it is his position that none of the funds are subject to garnishment so long as he has the funds in his possession and has a valid lien against some or all of the funds, even though the amount of such lien has not been properly determined. Such an argument might be sound if this were a case involving an attorney's charging lien arising by virtue of the attorney's labor and skill having helped to create or establish the funds.[2] We do not pass upon that point as it is not involved here. We do hold that the quoted section of the Integration Rule of The Florida Bar requires a lawyer upon demand by the client, to account for and deliver over money or property which the client entrusted to the lawyer for a specific purpose and which the lawyer was required to have held in trust.[3]
Since the client in the case at bar would have been entitled to the funds upon demand made on his lawyer, the lower court was correct in determining that the entire $1,000.00 was subject to garnishment, and was correct in entering judgment against the garnishee for such amount.
The judgment is affirmed.
McCAIN, J., and WHITE, JOSEPH S., Associate Judge, concur.
NOTES
[1] Flynn-Harris-Bullard Co. v. Hampton, 1915, 70 Fla. 231, 70 So. 385; Howe v. Hyer, 1895, 36 Fla. 12, 17 So. 925.
[2] See the opinion in Nichols v. Kroelinger, supra, for discussion on attorney's charging lien.
[3] See Brauer v. Hotel Associates, Inc., 40 N.J. 415, 192 A.2d 831 (1963); Akers v. Akers, 233 Minn. 133, 46 N.W.2d 87 (1951); Ideal Title Corp. v. N.T. Inv. Co., 111 N.J. Eq. 241, 162 A. 111 (1932); Anderson v. Bosworth, 15 R.I. 443, 8 A. 339 (1887); 7 Am.Jur.2d, Attorneys at Law, § 275; 7 C.J.S. Attorney and Client § 226 for the proposition that there can be no valid retaining lien upon funds entrusted to an attorney for a specific purpose.