[No. 11422.   In Bank. — March 4, 1889.]

## IN THE MATTER OF THE DISBARMENT OF GEORGE W. TYLER.

ATTORNEY AT LAW — DISBARMENT — SUSPENSION FROM PRACTICE FOR INDEFINITE PERIOD — JURISDICTION. — The supreme court has jurisdiction under section 299 of the Code of Civil Procedure, in a proceeding for the disbarment of an attorney, to render a judgment suspending him from practice for a definite period, and until the performance by him of a particular condition.

APPLICATION for the modification of a judgment suspending an attorney at law from practice. The facts are stated in the opinion of the court.

*Sol. Heydenfeldt,* for Applicant.

*Edward R. Taylor, contra.*

WORKS, J. — Proceedings were instituted in this court to disbar the respondent, which resulted in a judgment depriving him of the right to practice as attorney or counselor in any or all of the courts of this state, and

that he be suspended from the practice for the period of two years from the date of the judgment, "and until the judgment in favor of J. M. Hogan against the said respondent, mentioned and described in the accusation, shall be fully satisfied and paid, if the same shall not have been satisfied during such period of two years." The facts upon which this judgment was rendered will be found in 71 Cal. 353.

The respondent in that proceeding now moves this court to strike out so much of the judgment as suspends him from the practice until the payment of the Hogan judgment, the two years for which he was suspended having expired. The motion is not based upon any new or additional facts, nor is it claimed that the judgment referred to has been paid in whole or in part, or any excuse shown for not having paid the same. The sole ·ground upon which relief is sought is, that this court had no power or jurisdiction to make an order suspending him for what is claimed to be an indefinite time.

The section of the code upon which the judgment is based is as follows: " Upon conviction, in cases arising under the first subdivision of section 287, the judgment of the court must be, that the name of the party shall be stricken from the roll of attorneys and counselors of the court, and that he be precluded from practicing as such attorney or counselor in all the courts of this state; and, upon conviction in cases under the other subdivisions of that section, the judgment of the court may be according to the gravity of the offense charged,—deprivation of the right to practice as attorney or counselor in the courts of this state permanently or for limited period." (Code Civ. Proc., sec. 299.) The point made is, that under this section the court could deprive him of the right to practice permanently, or for a limited period; that a limited period means a fixed and determinate period; and that the judgment rendered, being for an

uncertain time, depending upon the happening of an uncertain event, was not within the power conferred by the section, and is void.

It is conceded that the court might have disbarred the respondent permanently. The accusation made against him was sufficient to warrant such an extreme punishment. In a petition to this court, during the pendency of the original proceeding, asking that the same be set for hearing, the respondent says: "Your petitioner respectfully represents that nearly three months ago there was filed in said court an accusation in writing, prepared by one E. S. Pillsbury, and signed and sworn to by one J. M. Hogan, charging me with acts that, if true, ought not only to deprive me of the privilege of practicing law in any court, but ought to relegate me to the occupation of a felon's cell." This court, upon a full and careful investigation, found the accusation to be true, and might consistently have meted out to him the punishment so rashly approved by him in advance. Therefore we see nothing in this case calling for clemency. It resolves itself into a pure question of jurisdiction in this court to render such a judgment. Upon this question we entertain no doubt. The court might have deprived him permanently of the right to practice. It did so, subject to the right of the accused to relieve himself from its effect, by making restitution of the money illegally withheld by him. In some of the states it is expressly provided by statute that where an attorney has refused, on demand, to pay over money collected by him, he may, on motion of the party aggrieved, be required to do so by an order of the court, and, upon failure, may be suspended for any length of time, in the discretion of the court. In others, the right of the courts to proceed in this summary manner, without statutory authority, is recognized and upheld by the decided cases. (*Forstman* v. *Schulting*, 108 N. Y. 110; *In re Paschal*, 10 Wall. 491; *Petition of Fincke*, 6 Daly,

111, 116; *Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *Kuhne* v. *Daily*, 23 Hun, 282; *In re Mertian*, 29 Hun, 459; *Anonymous*, 2 Cow. 589. See, as sustaining a judgment in effect the same as the one rendered here, *Slemmer* v. *Wright*, 54 Iowa, 164. See, also, as bearing upon the question, Weeks on Attorneys, section 81, and cases cited.)

This court having the power to deprive the respondent permanently of the right to practice in the courts of this state, the punishment inflicted here was within its jurisdiction. It was not void for uncertainty. If, instead of a motion to strike out a part of the judgment, the respondent had made a showing that he had paid the judgment mentioned therein in full, and moved for an order reinstating him as an attorney, the order could have been made; but we see no reason, as the case is presented to us, for modifying the judgment.

Motion denied.

BEATTY, C. J., McFARLAND, J., and SHARPSTEIN, J., concurred.