### BATTERSON *v.* OSBORNE.

*(Supreme Court, General Term, First Department.　March 31, 1892.)*

1. ATTORNEY AT LAW—FAILURE TO PAY OVER MONEY—SUMMARY PROCEEDINGS.
    An attorney at law collecting money for his client may be compelled, by summary proceedings, to pay over the same, as well where such moneys were collected in a proceeding instituted in another state as in domestic actions.

2. SAME—COMPROMISE—EFFECT OF INSTRUCTIONS.
    The attorney for defendant in a divorce suit compromised her claim for alimony, under her instructions, by which she was to receive $2,500, without deduction for costs or counsel fees. The attorney collected $3,500, and after deducting $1,000 for fees claimed a further fee of $500. *Held,* that he was estopped to claim fees that would reduce his client's net recovery below $2,500.

Appeal from special term, New York county.

Application by Ida A. Batterson for an order requiring Sidney Osborne, her attorney, to pay over moneys awarded applicant as alimony by decree in a suit for divorce, instituted against her in the state of New Hampshire, which moneys, $3,500, were collected by said attorney and retained by him. He was instructed to compromise defendant's claim for alimony at $2,500, without deductions for counsel fees or costs. After collecting $3,500 he offered to pay over $2,000, claiming a fee of $500 in excess of what he was entitled to retain over and above the $2,500 net which his client was to receive. The order was granted, and the attorney appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Howard A. Sperry,* for appellant. *George E. P. Howard,* (*Charles A. Deshon,* of counsel,) for respondent.

VAN BRUNT, P. J. There does not seem to be any reason shown upon these papers for a disturbance of the order made in the court below. The only grave question which seems to be presented upon this appeal is as to whether the relation of attorney and client existed between the respondent and the appellant. That such relation did exist, however, has been abundantly established by the papers, and the mere fact that the action which had been commenced was brought in another state does not relieve the appellant from the obligations resting upon him as an attorney and counselor of this court. He was employed by the respondent because he was an attorney, and as an attorney; and it was as such attorney that the services, whatever they were, were rendered to the respondent, and it was because of his being an attorney that he was called upon to render such services. Therefore he came within the power of the court by summary proceedings to compel the performance of

the duties which he had taken upon himself. It clearly appears from the papers contained in this record that the only authority for the appellant to make the settlement which was made, was upon the theory that the respondent should receive the $2,500 without any costs or counsel fees being deducted therefrom. It is true that a stipulation was signed by which she agreed to take the sum of $2,500. But this in no way conflicts with her claim, as the additional sum over the $2,500 may very well have been supposed by her to be applicable to the payment of the counsel fees and expenses. The claim that the appellant was in no sense the agent of the respondent respecting these deductions, but the agent of the husband, and bound by his instructions, cannot be sustained. The money was undoubtedly paid to him as representing the respondent. The instructions to pay counsel and disbursements were general, and in view of the fact that this appellant had agreed that his client should receive $2,500, and that the settlement was based upon this agreement, he cannot now be heard to say that more money is required to pay the counsel fees and disbursements. The order should be affirmed, with $10 costs and disbursements. All concur.