## WILKINSON COUNTY *v.* LINDSEY.

A State court has no jurisdiction to rule an attorney at law for failure to pay over to his client money collected on process from a Federal court.

Argued October 18, — Decided November 25, 1898.

· Petition for rule. Before Judge Hart. Wilkinson superior court. January 24, 1898.

The County of Wilkinson prayed for a rule to require the defendant to show cause why he should not pay into court for the use of the county certain money collected by him as attorney at law. He pleaded that the court was without jurisdiction to entertain the petition, because, in the acts complained of, he was not acting as attorney at law of any court established by the laws of this State, but was acting as attorney at law of the circuit court of the United States for the southern district of Georgia, and did not use or invoke any process issuing out of any State court, but used and invoked exclusively the process and powers of the circuit court of the United States and of the Supreme Court of the United States, that he is a duly authorized practicing attorney in the circuit court of the United States, and was such at the time of the acts complained of, and that that court alone has jurisdiction of the matter. It was agreed that this issue be tried by the judge without a jury. It was admitted that defendant was a citizen and resident of Wilkinson county and a member of the bar of the superior court of that county at the time of the filing and service of the petition, and was also a member of the bar of the United States circuit and district courts for the southern district of Georgia; and that the money in question was collected alone through the processes of the United States court, and not in the State court, and was paid over to the defendant as attorney for the plaintiff under an order of the United States court, upon an intervention filed therein by him and another attorney. The court sustained the plea to the jurisdiction, and the plaintiff excepted.

*Preston & Ayer*, for plaintiff.
*Dessau, Bartlett & Ellis* and *F. Chambers*, for defendant.

SIMMONS, C. J. The official report sufficiently states the facts. Under these facts it will be seen that the sole question for decision in the case is, whether an attorney at law, who has been admitted to practice in the courts of this State, and who also has been admitted to practice in the courts of the United States, can be ruled in a State court for money collected by him un-

der the judgment and process issuing from a court of the United States. Our Civil Code, § 4771 et seq., provides, in substance, that an attorney at law who has collected money for a client by virtue of his office is subject to the summary remedy of a rule against him for failure to pay over the money to his client. If upon the hearing the rule is made absolute against him, and he fails to obey the order of the court, an attachment issues against him. The summary remedy is a power incident to all courts of general jurisdiction, whether conferred by statute or not; and has been exercised, as far as I can learn, from time immemorial. It is a power that courts of general jurisdiction have always exercised, to compel their officers to perform their official duties. We have in Georgia two kinds of courts, State courts and Federal courts. They are created and organized by two separate and independent governments. Each court has the power given it by the constitutions, or by statute. Hence, an attorney at law may be an officer of both courts. He occupies a dual relation — an officer of the State court, and likewise an officer of the Federal court. Where he appears as an officer of the State court and assists that court in the adminstration of justice, he is amenable to that court for his official conduct either while in the presence of the court, or where he is executing the process thereof. In the same manner he is amenable to the Federal court, where he acts as an officer of that court. When, therefore, as an officer of the Federal court he collects money under the judgment and process of that court and fails to pay it over to his client, in our opinion he can not be ruled in a State court for his failure to comply with his duties which originated in the Federal court; nor do we think that if he collected money for his client by virtue of the judgment and process of the State court, he would be amenable to rule in the Federal court for failure to pay it over to his client. As before remarked, the two courts are separate and distinct. The Federal court could not rule a sheriff of this State for a failure to pay over money after he collected it, for the reason that he is not an officer of that court while performing the duty of executing the process of the State court. For the same reason, in our opinion, the Federal court could not rule an at-

torney of the State court for the failure pay over money belonging to his client, because, in discharging this duty, the duty of collecting and paying over money under the process of the State court, he is not an officer of the Federal court.

We therefore think that, while Mr. Lindsey was an officer of both courts, in the performance of his duty in collecting and paying over the money under the process from the Federal court the State court had no jurisdiction to rule him and compel him to pay the money collected to his client. If he had been an attorney and an officer of the courts of Alabama, or of any other foreign State, and collected money for a client under process of a court in that State, he would not be subject to rule by a court in this State, although he was an officer in the courts of this State. Counsel for plaintiff in error mainly relied, in his argument before us, upon an article written by Mr. Babcock in 26 Central Law Journal, 23 et seq. We have carefully read that article and the authorities cited therein. It seems to us that the main object of the article·was to show that courts of general jurisdiction have the right, by summary process, to disbar an attorney for acts of moral turpitude, or other acts which show him unfit to be a member of the bar. We do not contest the existence of this power in any court of general jurisdiction. Any court of general jurisdiction, which has power to admit and license attorneys to practice at the bar, has jurisdiction to disbar an attorney for acts committed which show him to be unworthy to hold the office of an attorney. And this is so, whether those acts are committed in the presence of the court or in any other court. If an attorney should be guilty of larceny or burglary, or other crime of moral turpitude, any court which had a right to license him to practice law, and of which he is an officer, has the right and jurisdiction to expel him in order to rid the profession of an unworthy member. It is true that Mr. Babcock, in his article above referred to, does seem to say, in one portion of the article, that any court which has general jurisdiction can rule an attorney for his failure to pay over money to his client, whether he collected the money by virtue of its process or of the process of another court. A number of authorities are cited by him to sustain this proposition. We

have read them carefully, and, in our opinion, they do not sustain him.    Every one of them, as far as we now recollect, relates entirely to proceedings of disbarment.    No one of them we found related to a rule compelling the attorney to pay over money.    The nearest one to the subject was the case In re Tyler, 71 Cal. 353, 12 Pac. Rep. 289, s. c. 78 Cal. 307, 20 Pac. Rep. 674, where it seems that the Supreme Court of that State took jurisdiction to disbar an attorney for his failure to pay over to his client money collected under the process of an inferior court.    Moreover, it appears that Tyler was not only guilty of a failure to pay over money, but was also guilty of fraudulent conduct in taking a fee on both sides.    We have searched diligently, and find no case where a Federal court assumed jurisdiction to rule an attorney for failure to pay over money collected under the process of the State court; nor do we find any case where a State court assumed to rule an attorney for money collected under the process of the Federal court. We, therefore, think that the trial judge did not err in finding in favor of the plea.

*Judgment affirmed.    All concurring, except Lumpkin, P. J., absent.*