## PHILLIPS & CREW COMPANY *v.* JONES & HANCOCK
### *et al.;* and *vice versa.*

1. There was no merit in the motion to dismiss the writ of error as to one of the parties defendant thereto.
2. A merchant sold his stock of goods in bulk, and furnished the purchasers with a verified list of his creditors, as required by the Civil Code, § 3226. A debt due by him for a piano was not included in the list. A note given by him for the debt was sent by the creditor to a member of a firm of attorneys for collection. He filed against the debtor a petition in involuntary bankruptcy in the name of this and other creditors. An agreement was made that this debt would be paid from the purchase-money of the stock. The attorney presented to the judge a petition, reciting that the proceeding in bankruptcy was instituted under a mistake of fact, in that it was alleged that the debtor was insolvent, when in fact he was solvent; and thus the attorney obtained an order allowing the proceeding to be withdrawn. The debt was alleged to have been paid to the firm. They failed to pay the money to the client on demand. To a rule brought against them they filed pleas that the State court was without jurisdiction. *Held,* that the superior court had jurisdiction of a proceeding by rule to compel the attorneys to pay the money to their client.
   (*a*) Under the facts above stated, the money was not collected under process issuing from the Federal court; and the decision in *Wilkinson County* v. *Lindsey,* 106 *Ga.* 25 (31 S. E. 792), has no application.
   (*b*) A finding in favor of the pleas was contrary to law.
3. A rule was prayed against a firm of attorneys and each of its members, requiring them to show cause why they should not pay to their client money alleged to have been collected by them. The firm and each member filed pleas to the effect that the Federal court, not the State court, had jurisdiction. The case was, by agreement, submitted to the judge on law and facts without a jury. He found in favor of the pleas. A motion for a new trial was made. In the original motion the caption named the firm in stating the case. Attorneys representing the firm and each member acknowledged service. *Held,* that a motion to dismiss the motion for a new trial on the ground that it was directed against the firm, and a firm could not be an officer of court, was properly overruled.

4. Where a case is by agreement submitted to the presiding judge without a jury, both on law and facts, upon his finding a motion for a new trial can be made.

DECEMBER 13, 1912.

Rule against attorneys. Before Judge Frank Park. Dougherty superior court. October 23, 1911.

*Mayson & Johnson* and *Peacock & Gardner,* for plaintiff.

*R. J. Bacon, Cruger Westbrook,* and *Clayton Jones,* for defendants.

LUMPKIN, J. The Phillips & Crew Company filed a rule against certain attorneys, alleging, that Jones & Hancock were attorneys and partners; that a note due by one Forrest was delivered to Hancock for collection, and was accepted by the firm for that purpose, their fee being a certain percentage of the amount collected; and that the full amount was collected by those attorneys, but was not paid over after written demand. The petition prayed that the firm and each of its members be required to show cause, etc. The firm and Jones filed a plea to the jurisdiction, on the ground that Hancock collected the money, not by using the process of the State court, but by invoking and using the process of the United States court for the Southern District of Georgia. Hancock filed a separate plea, setting up the same contention, and also: that he moved to Florida two months before the rule was brought; that a copy of the petition and rule was handed to him in that State by a named person; that a warrant for the offense of larceny after trust delegated was obtained, and he was arrested in Florida by a deputy sheriff of that State, and he came to Georgia "in response to said warrant, and not in response to said rule;" and that after his arrival he was served by an officer with a copy of the rule. He alleged that this was a trick to obtain service, and that the service was null and void. There was no evidence to sustain the allegation that the prosecution was a trick. It showed that Hancock was brought back to Georgia under a warrant, gave bond, and was then served with the rule. He testified that the copy served on him was unsigned. The issues were submitted to the presiding judge without a jury. Evidence was introduced to show, among other things, the following facts: Forrest sold his stock of goods in bulk to the firm of Carter & Reid, and furnished them with a list of creditors. This did not include the Phillips & Crew Company, the claim of which was for the sale of a piano. Hancock, as attorney, filed a

petition against Forrest in the district court of the United States, alleging insolvency of the defendant, and seeking to have him declared a bankrupt. Later a petition was presented to the judge, alleging that the proceeding had been brought under a misapprehension of facts, and that Forrest was solvent and was preparing to pay all his creditors in full on a day named. It was prayed that the petition in bankruptcy be withdrawn. This was allowed. After this the claim of the present plaintiff was paid in full. Evidence was admitted on behalf of the defendants, over objection, tending to show that the name of the Phillips & Crew Company was omitted from the list of creditors furnished to the purchasers of his stock by Forrest; that, after the filing of the petition in involuntary bankruptcy, he went to the purchasers and agreed that this claim should be paid out of the purchase-money when the petition should be dismissed. The judge also rejected evidence, offered on behalf of the plaintiff, to the effect that the use of the name of one of the three petitioning creditors in the petition in bankruptcy, and the signing of that petition with the names of the attorneys of such creditor, were unauthorized. He also ruled out a copy of the note and contract of Forrest, together with evidence tending to show the loss of the original. He then rendered judgment for the respondents, on the pleas to the jurisdiction. A motion for a new trial was overruled, and the plaintiff excepted. The defendants moved to dismiss the motion for a new trial, on the ground that the case was submitted to the presiding judge without a jury on a plea to the jurisdiction, and there was no verdict on which such a motion could be based; and that the proceeding by rule could only be against officers of court, and there was no officer of court a party to the motion for a new trial, but only a firm, which was not an officer of court. The motion to dismiss was overruled. The defendants filed a cross-bill of exceptions, assigning error on that ruling.

1. The motion to dismiss the writ of error was without merit. The firm and one partner filed a plea to the jurisdiction, and the other partner filed one also, and further attacked the service on him. The bill of exceptions recited that the case was submitted to the presiding judge without a jury, by agreement, and that he rendered judgment sustaining "each of the pleas to the jurisdiction and dismissing the main cause." A motion for a new trial was

made, and service was acknowledged by attorneys for the firm and each partner. The court overruled the motion. He entered a judgment of dismissal on each plea. In that entered on the plea of Hancock separately it was stated that the plea to the jurisdiction was sustained as to the issues of ·fact and law "and as to service on G. W. Hancock." Whatever effect this statement may have had, it furnished no ground for dismissing, wholly or in part, the writ of error bringing up the overruling of the motion for a new trial.

2. Under the evidence and the law applicable thereto, the judgment of the presiding judge, sitting by consent without a jury, was erroneous; and this is true regardless of whether or not he ruled correctly in admitting or rejecting evidence. He probably based his judgment on the decision in *Wilkinson County* v. *Lindsey*, .106 *Ga.* 25 (31 S. E. 792), where it was held that a State court had no jurisdiction to rule an attorney at law for failure to pay over to his client money collected on process from a Federal court. But the present case˙ does not fall within that ruling. Here the money was not collected on process from the Federal court. The claim was sent to a member of the defendant firm for collection. The debtor had sold his stock of goods to others, and had furnished them with a list of creditors, verified by affidavit, purporting to comply with the Civil Code, § 3226. The debt due to the plaintiff company was not connected with his mercantile business, and was not included in the list. The member of the firm of attorneys to whom the claim was delivered filed a petition in the district court of the United States, seeking to put the debtor into bankruptcy, alleging insolvency and an act of bankruptcy. He later presented to the judge a petition, alleging that the proceeding was instituted under a mistake of fact, and that the debtor was not insolvent, but was solvent; and obtained an order allowing it to be withdrawn. After this was done, the purchasers of the stock from the debtor paid the claim from the purchase-money due to him. In other words, not only was the money not collected on process from the Federal court, but the attorney escaped from the jurisdiction of that court and its process by a withdrawal of the proceeding, which was allowed on the representation that the basal allegation of insolvency was not correct.

The decision in *Wilkinson County* v. *Lindsey*, supra, was by five

Justices, not the entire bench. It will not be extended beyond the case there involved, if it should be entirely adhered to, on full consideration. An attorney is admitted by the superior court of this State, which determines his fitness. His license holds him out to the world as a proper person to represent clients. On admission he becomes an officer of the State courts, and so remains for life, unless his right to practice is terminated in some manner provided by law. If he is admitted to practice in the Federal courts, he becomes an officer of those courts, as to matters there involved. Obedience to proper orders of the Federal court, or the performance of duties owing to it, will be enforced, or disobedience punished, by it. As to proper orders of the State courts and duties owing to such courts, enforcement of them or punishment will be dealt with in the proper State court. But the power of the superior court is not limited to matters connected with its process. There are duties of an attorney, as such, aside from litigation, and one of these is not to misappropriate, or fail to pay, on demand, money coming into his hands as an attorney and belonging to his client. He can be compelled by rule in the proper State court to pay this over, though he may have collected it without any litigation or process of court. In re Grant, 17 How. Pr. (N. Y.) 260; In re Aitkin, 4 Barn. & Ald. 47. Section 4954 of the Civil Code declares: "Where attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule (and otherwise) as sheriffs are, and incur the same penalties and consequences." And section 5343 declares: "If any sheriff, coroner, justice of the peace, constable, clerk of the superior court, or attorney at law shall fail, upon application, to pay to the proper person, or his attorney, any money they may have in their hands, which they may have collected by virtue of their office, the party entitled thereto, or his attorney, may serve said officer with a written demand for the same; and if not then paid, for such neglect or refusal the said officer shall be compelled to pay at the rate of twenty per cent. per annum upon the sum he has in his hands, from the date of such demand, unless good cause be shown to the contrary. Suppose that a client in Georgia should place in the hands of a Georgia attorney a claim for collection, and the attorney should go to Alabama and by garnishment collect the money and bring it back to Georgia, but fail to pay it over on demand; a

Georgia court would hardly refuse to issue a rule on the ground that the suit was in Alabama, and in practicing there the attorney was an officer of the Alabama court. Batterson *v.* Osborne, 18 N. Y. Supp. 431.

The jurisdiction of the Federal courts and also their power to punish for contempt is regulated by statute, and may not be so extensive as the power of a State court over the general conduct of attorneys as to money in their hands. We are aware of one or two cases where it was said, broadly, that if money was collected under process from the Federal court by an attorney, he should be ruled there. Whether this is essentially so, under our statutes, if all litigation there is ended, and the money is in the hands of the attorney, it is not necessary to decide, under the ruling made above.

3. It was argued, that a firm of lawyers could not be an officer of court, but only the individual members; that the motion for a new trial was brought against the firm, and should have been dismissed on motion. The petition for the rule alleged that the firm collected the money by a check given to them, indorsed by them, and deposited to their account in bank, and that "Jones and Hancock" refused to pay it on demand. It prayed a rule against "Jones & Hancock, attorneys as aforesaid, requiring each of them," etc. Their individual names had been previously stated. Service was ordered to be made on each of them. Each pleaded to the jurisdiction. The caption of the original motion for a new trial was "Phillips & Crew Co. *v.* Jones & Hancock." In the caption of the amended motion the defendants were named as "Jones and Hancock." Service of the motion and rule nisi issued thereon was acknowledged both for the firm and each of its members. We think the members of the firm were sufficiently parties to the motion for a new trial to make it proper to overrule the motion to dismiss it.

4. The ground of the motion to dismiss the motion for a new trial that the case was not passed on by a jury, but by the presiding judge without a jury, by consent, was properly overruled. *Crumbley* v. *Brook*, 135 *Ga.* 723 (70 S. E. 655).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*